# CHARLESTON.

## RALSTON *v.* MEYER.

34 737<br>60 61

Submitted January 23, 1891.—Decided February 7, 1891.

1. ELECTIONS—AMENDMENTS.
    In the trial of contested elections, two methods of amendment to the notices required by our statute are permissible ; *First*, the statutory method, which is always based upon new facts dis-

covered after the original notice has been given; *secondly*, the method incident to common-law procedure.

2. Elections—Amendments.

    Fairness, purity and freedom of elections are essential to free government, and the object of the judicial tribunal engaged in deciding upon a contested election is not so much to determine the private rights of the parties, as to decide whom the people have elected in that particular election, according to the very right of the case and the principles of justice; hence, at common-law, amendments to the notice or petition are permitted only to further the ends of justice, and to promote a true and impartial decision, according to the evidence.

*J. J. Jacob* and *J. R. Braddock* for plaintiff in error, cited 27 W. Va. 809, 810, 811, 817, 818; 28 Cal. 123; 15 Cal. 119; 15 Mich. 184; 23 Mich. 341.

*Ewing, Melvin & Riley* for defendant in error, cited 6 W. Va. 605; 15 W. Va. 263, 264; 27 W. Va. 806.

Lucas, President.

John Ralston and John L. Meyer were opposing candidates for the office of assessor of Brooke county at the general election held on the 6th day of November, 1888. According to the canvass of the proper officials, Meyer received seven hundred and ninety eight votes, and Ralston seven hundred and eighty five votes, and the county commissioners gave the certificate of election to Meyer. Ralston contested, and served notice in writing, giving a list of the votes he intended to dispute, and of the rejected votes for which he would contend, with averments that those in the first list voted for Meyer, and that those in the second list would have voted for himself. A counter-notice was served by Meyer, in which was found the names of one Ashby Davis and one William Anderson, the averments as to them being substantially that, for reasons stated, they were not qualified voters at the time of the election; that they voted for Ralston; and that their votes were counted by the commissioners. Ralston did not include these names in his notice, nor was there any amended or supplemental notice.

The County Court proceeded to hear and determine the case, passing upon the qualifications and disqualifications

of the voters named in the notice and counter-notice. When the respondent had proceeded at considerable length in the trial of the voters included in his counter-notice, he asked permission to amend his counter-notice by striking off from his list six of the votes therein contained, including the names of said Davis and Anderson, with the allegations regarding each. But this motion was objected to by the contestant, on the ground that the persons named "are by the contestant claimed and admitted to be illegal voters, as stated in the notice, but voted for the contestee, J. L. Meyer, as he, the contestant, claims." The Court sustained the objection, and overruled respondent's motion. Subsequently the Court, at the instance of contestant, took testimony touching the right of these persons to vote, and held that they were disqualified.

In the final order, after reciting that it appeared from the minutes that they in fact had voted for respondent, the court deducted their votes, with seventeen others, from the whole number cast for respondent at said election, added one vote, and deducted six others from those cast for contestant, and then announced the result of their decision as follows: For Ralston seven hundred and eighty votes; for Meyer, seven hundred and seventy nine, Meyer, the respondent, appealed to the Circuit Court, which reversed the decision of the County Court; holding that it was error to deduct the votes of Davis and Anderson, and declaring the true result to be: For Ralston, seven hundred and eighty votes; for Meyer seven hundred and eighty one votes. From this judgment of the Circuit Court a writ of error to this Court has been allowed.

The briefs of the respective counsel in this case filed before this Court are models of perspicuity and sound legitimate argument. They have eliminated all impertinent matter, and reduced the controversy down to its proper and narrow limits, and have been of great assistance to us in deciding the case. The only point at issue between the parties is whether the County Court should have permitted the respondent or contestee to amend his notice by striking out the names of Davis and Anderson, whose votes he had impeached as illegal, and who, as sworn in

his affidavit appended to his notice, had voted for his opponent. In contested election cases, two classes of amendments to the notice of the contestant or contestee are permissible—one statutory; the other such as pertains to the procedure under the general rules of the common-law. The statutory amendment is found in the second section of the sixth chapter of the Code, which is as follows: "If new facts be discovered by either party after he has given notice as aforesaid, he may, within ten days after such discovery, give an additional notice to his adversary, with the specifications and affidavit prescribed in the next preceding section." This amendment, it may be observed, is founded upon after-discovered facts, which have come to the knowledge of the party after his original notice was given. In the record now before us there is nothing whatever to indicate that the contestee based his motion upon any newly-acquired evidence. It is certain, therefore, that the amendment asked for at the hands of the County Court was not within the statutory provision on the subject of contested elections. Let us inquire whether it was authorised by the spirit of common-law procedure, whereby amendments in pleadings, which are calculated to promote the ends of justice, may in the discretion of the Court be permitted.

Fairness, purity and freedom of elections are essential to free government, the very crown and glory of republican institutions, and the only guaranty of their stability and perpetuity. The object of the judicial tribunal, engaged in deciding upon a contested election, is not so much to determine the private rights of the parties, as to decide for the people whom they have elected, in that particular election, according to the very right of the case, and the principles of justice. Hence we find that at common-law amendments to the notice are permitted only to further the ends of justice, and to promote a true and impartial decision according to the evidence. Mr. Paine, in his work on Elections (section 840) thus defines this common-law right of amendment: "Where a petition is defective in form or substance, it may be amended if the application be made at the earliest possible opportunity. Such an amendment is allowed at common-law by virtue of the power which a court

of record possesses to allow amendments in furtherance of public justice. When there is a charge of fraud, but no averment showing how the fraud would affect the the result, the defect may be remedied by amendment. The inquiry involved in a contested election case is one which deeply concerns the public. The question is broader than the mere claim of an individual to the office in controversy. It is whether the popular will has been or is about to be defeated or thwarted by mistake or fraud. If, therefore, the statement of the grounds of contest lacks a clearness and distinctness of allegation, always desirable in judicial proceedings, it is not on that account peremptorily dismissed; an opportunity to amend should be afforded, to the end that the points in controversy may be developed, and the merits of the case determined. It may become the duty of the court, in the progress of the investigation, to protect the parties from surprise, and should material proof be offered, which reasonable diligence should not have anticipated, an opportunity should be afforded to meet it. The public interests imperatively require that the ultimate determination of the contest should in every instance, if possible, reach the very right of the case." To the same effect, see the recent work of Mr. McCrary on Elections, § 419. See, also, same author, § 308.

These principles have received the sanction of this Court in the case of *Halstead* v. *Rader*, 27 W. Va. 806, 809, citing with approbation Kneass's Case, Brightly, Elect. Cas. 337. Upon turning to that case, reported 2 Pars. Eq. Cas. 553, we find a very clear recognition of the principle "that amendments are reducible to no certain rules, but that each case must be left to the sound discretion of the court; and that the best principle seems to be that an amendment should or should not be permitted to be made, as would best tend to the furtherance of justice." In the exercise of this sound discretion, the court should always have in view the vindication of the ballot and the elucidation of truth.

Applying these principles to this case, the question is: Did the County Court wisely exercise its discretion as a judicial tribunal in refusing to permit the respondent to amend his petition by striking therefrom the names of two

voters whose right to vote he had impeached, and who, as appears by the record and the finding of the County Court, had voted for his opponent? It seems to me too plain for any elaboration that, keeping in view the main duty, which was to decide the contest upon its merits and the very right of the case, the County Court properly refused to permit the contestee to withdraw from the arbitrament of the court a proper decision as to the right of Davis and Anderson to vote, and a proper determination as to which candidate received their suffrage. I am of opinion, therefore, that the County Court exercised its discretion upon sound principles, and in accordance with the rules of the common-law, and the requirements of public justice.

The judgment of the Circuit Court, reversing the action of the lower tribunal, must be reversed.

REVERSED.