Hitchcock, J.
This is a controversy between the creditors of Francis Cunningham, having liens upon his estate, either by judgment or mortgage. The record shows that John T. Brazee received judgment against Cunningham, on August 27, 1838, which was a lien upon his real estate in Fairfield county. But no execution was taken out within one year and levied.
After the rendition of the judgment, and on October 25, 1838, Cunningham executed to McCracken and Ayres a mortgage on the same property; on January 22, 1-839, he executed another *320 mortgage to McCracken, Myers, and Wing'; and, on February 22, 1839, he executed another to the Lancaster (Ohio) Bank — these two last mortgages covering the same real estate upon which Brazee’s judgment was a lien.
On February 24, 1839, the Lancaster (Ohio) Bank recovered a judgment against Cunningham, and several other judgments were obtained against him at the same term of the court, by the other creditors. Executions were taken out upon these several judgments, and levied upon Cunningham’s real estate, on January 29, 1849, within one year from the date of these judgments.
The real estate has been sold, and the avails are not sufficient to satisfy all the liens, and the question is, which are to be preferred — which postponed? The court of common pleas ordered that the judgment of Brazee, although the oldest in point of time, should be postponed to the junior judgments, because the latter had obtained a preference by execution levied ^within one year from their date, whereas no execution had been taken out upon the judgment of Brazee until after the expiration of the year. Brazeo’s judgment being postponed, then the mortgages would have the preferable lien, to take priority according to the times at .which they were respectively entered for record. And the court ordered that the mortgages should be first satisfied, and the balance of funds remaining, if any, should be distributed among the judgments recovered in February, 1839, pro rata.
There is unquestionably some difficulty in settling a question like this, and the difficulty grows out of our law regulating judgments and executions, taken in connection with the decisions of this court, that judgments against a mortgagor are liens upon the lands mortgaged, as well as upon those which are free from incumbrance. And it would perhaps have been more consistent with well-established principle, to have held that the interest of the mortgagor was a mero equity, which could only be reached through proceedings in equity. Still I am not aware that any considerable evil has resulted in consequence of the rule as established, although it may and does create some embarrassment in the question now before the court.
Section 2 of the act regulating judgments and executions provides, “that the lands and tenements of the debtor shall be bound for the satisfaction of any judgment against such debtor, from the first day of the term at which judgment shall be *321 rendered,” etc. Section 23 of the same act, provides that such judgment shall not have priority over subsequent judgments, unless executions shall have been taken out and levied within one year. By delay, the lien is not lost; its priority alone is lost. As to any other incumbrance upon the land, the judgment lien continues in force for the full term of five years. It will be seen that this legislation is intended to apply to cases between judgment creditors. Can the rule prescribed prevail, where there are intermediate mortgages ? In such case, no positive rule is prescribed.
Now it will be observed, as to these judgment liens, they are *equal in extent. They attach to the entire land, or to the entire interest of the judgment debtor in the land. They are all of equal validity, and the only question in regard to them is as to priority. In every othor respect they are equal, and there is no injustice, no impropriety in giving the preference to that creditor who is the most diligent in the pursuit of his remedy. But it is not so Where there is an intervening mortgage. The liens of'prior and subsequent judgments are not equal. The elder judgment is a lien upon the entire land, and the entire value of the land may, if necessary, be appropriated for its satisfaction. But the subsequent judgment creditor has not a lien to the same extent. His lien extends only to that interest in the land which remains after the satisfaction of tho mortgage, and there can certainly be no propriety in saying that a lien which attaches to the entire land, shall be postponed to one which attaches only to a part of the land; or, more properly speaking, to the interest which remains in the judgment debtor, after having executed a mortgage upon the land.
It has ever been held, in this state, at least by this court, that the principle of tacking, as applied to mortgages, or to mortgages and judgments, could not be allowed. But still, in 1 he case before us, this principle must have been applied in tho court of common pleas, to produce the decision which was then made, and applied, too, in a general manner. According to my recollection of that practico, and I am free to admit that it is not very clear, a junior' incumbrancer connected himself with a prior incumbrance, in order that he might overreach an intermediate incumbrance. And, having once obtained the elder incumbrance, he could hold on until both that and his junior incumbrance were satisfied. But, in this case, it is the intermediate incumbrancer, taking the prior and *322 subsequent incumbrances together, in order that he may postpone both. If there had been no junior judgment, the eider judgment must have been satisfied before the mortgage. But, inasmuch as there were junior judgments, the senior judgment was postponed to them, and the mortgages were directed to be first satisfied. The ^consequence was as might have been expected ; the entire fund was little, if any more than sufficient to satisfy the mortgages, and nothing of any account left to be paid upon either of the judgments.
This decision seems to, have been made upon the hypothesis that the liens of the junior judgments were superior or preferable to the lien of the elder judgment. Admitting it to be so, still the order of the court of common pleas is erroneous. It can not be denied that the elder judgment was a lien to be preferred to the mortgages, and, as between it and the mortgages, must be first satisfied. This being so, if the liens of the junior judgment are preferable to that of the elder, then it follows that the mortgages, which are admitted to be junior incumbrances to the elder judgment, should have been postponed to all the judgments; instead of this, the judgments were postponed.
Upon full consideration of all the circumstances of the case, we are of opinion that the judgment of Brazee should have been first satisfied, next the mortgages, according to their respective priorities, and then the junior judgments. We believe this to be in accordance with justice, and not in violation of any rule of law or common sense.
The order of the court of common pleas is reversed, and the cause remanded to that court for further proceedings.
Judge Wood, being sick, took no part in this decision.