The State ex rel. Clark v. Smith.

THE STATE *ex rel.* CLARK v. SMITH, *Clerk of the County Court.*

IN BANC.

1. **Mandamus:** OFFICER. The remedy by *mandamus* is allowable against a public officer only in case the person seeking its benefit is directly interested in the performance of the matter demanded, and has no other adequate, specific and effective remedy at law.

2. ——: ——. Where a pending election contest affords one a sufficiently plain and specific remedy to have his right to an office determined, he cannot resort to *mandamus*.

3. **Contested Election Case:** NOTICE. The notice of contest initiates the proceeding in a contested election case.

4. **Mandamus:** PRACTICE. A motion, for a peremptory writ of *mandamus* notwithstanding the return of respondent, operates as a demurrer to such return.

*Mandamus.*

PEREMPTORY WRIT DENIED.

*W. Cloud* and *Adiel Sherwood* for relator.

(1) The duties of the county clerk are ministerial and not judicial. He has no duty, except to certify the number of votes cast for each candidate for each office, as the result of a sum in simple addition, with no power to pass upon the legality of returns, or to judge of their sufficiency. McCrary, Election Laws, sec. 84; *State v. Cavers*, 22 Iowa, 343; *Attorney General v. Barstow*, 4 Wis. 749; *Bull v. Southwick*, 2 N. M. 321; *Mayo v. Freeland*, 10 Mo. 629; *State ex rel. v. Harrison*, 38 Mo. 540; *O'Ferrell v. Colby*, 2 Minn. 184; *Brown v. O'Bryan*, 2 Carter (Ind.) 423; *State ex rel. v. Steers*, 44 Mo. 220; *State ex rel. v. Vail*, 53 Mo. 112; *State ex rel. v. Judge*, 7 Iowa, 199. (2) The plea that a commission has been issued to Sturgis is matter in abatement and not matter in bar. So also is the attempted plea in paragraph number ten of the return, alleging that a notice of contest has been served. All these matters in abatement are waived by the several pleas to the merits. *People v. Silver*, 45 Ill. 224. (3) *Mandamus* is the proper remedy, though it did not determine the ultimate right involved as where *quo warranto*, or other proceedings, must afterwards be instituted to secure the fruits of the victory in *mandamus*. *State ex rel. v. Judge*, 7 Iowa, 200; *Ex parte Strong*, 20 Pick. 495; *People ex rel. v. Akin*, 17 Ill. 169; *Brown v. O'Bryan*, 2 Ind. 430. (4) It is a feeble answer to relator's demand for peremptory writ to say that he has a remedy in *quo warranto* or by contest. Before relator can be deprived of his writ upon such a plea, it must be definitely ascertained that the other remedies proposed are adequate, specific and appropriate, and afford relief upon the very subject-matter of the controversy, and give the particular right which the law accords upon the statement of facts in the petition for *mandamus*. *Etheridge v. Hall*, 7 Porter (Ala.) 54; *In re Trustees of Williamsburgh*, 1 Barb. 34; *Fremont v. Crippen*,

10 Cal. 211 ; *Babcock v. Goodrich*, 47 Cal. 488 ; *State v. Wright*, 10 Nev. 167. More than this, the remedy must be one which can be enforced against respondent, and not against third persons. *Williams v. Clayton*, 21 Pac. 398. ( 5 ) The fact that the certificate of election has been given to Sturgis does not affect the result. Such an act is on a par with the judgment of a court without jurisdiction. The question is, was the act lawfully done? *State v. Court of Appeals*, 97 Mo. 331 ; *Attorney General v. Barstow*, 4 Wis. 725 ; *People ex rel. v. Rives*, 27 Ill. 242. ( 6 ) The certificate to exhibit " C " is the best evidence of the number of votes cast. It was the last and most solemn act of the judges. It was done deliberately and advisedly and at the conclusion of their labors.

*George Hubbert* and *M. E. Benton* for respondent.

( 1 ) There is no reason for invoking the exercise of *mandamus* by this court. Relator's remedy in the circuit court by a contest proceeding is ample. *State v. Buskirk*, 43 Mo. 111 ; *McElhaney v. Stewart*, 32 Mo. 379 ; *State v. Green*, 1 Mo. App. 226 ; *Hunter v. Chandler*, 45 Mo. 352 ; *People v. Supervisors*, 12 Barb. 217 ; McCrary on Elections, sec. 322 ; *State ex rel. Broadhead v. Trigg*, 76 Mo. 186 ; *Bowen v. Hixon*, 45 Mo. 340. ( 2 ) " It is well settled that, in issuing a commission, the governor acts in a political or executive capacity, and he alone can judge whether the power should be exercised or not, and the courts can neither control nor interfere with him in the exercise of this right." Opinion of supreme court to Gov., 58 Mo. 369, 372 ; *State ex rel. v. Governor*, 39 Mo. 388 ; *Hawkins v. Governor*, 33 Am. Dec. 346. ( 3 ) *Mandamus* will not lie in a case involving the title to an office, when that office is already filled by a person holding by color of right. And in this case, though Sturgis had not, at its commencement, entered on the discharge of the duties of the office, yet, having

been commissioned and qualified, nothing remained to be done except to await the mere lapse of time; and before a decision is reached in this court he will be the officer *de facto* as well as *de jure*. *St. Louis County Court v. Sparks*, 10 Mo. 117 ; *State ex rel. v. Rodman*, 43 Mo. 256; *People v. Olds*, 58 Am. Dec. 398. (4). Respondent submits that, by considering the whole of the so-called poll books, inclusive of the Thurman book properly understood, the election of Sturgis by three majority is clear. The ambiguity, patent upon the Thurman book, had necessarily to be cleared by inspection and the exercise of common sense, before the true vote there certified for Sturgis could be determined, or counted, or certified. That the canvassing officers are not cut off from the use of their eyes in such matters, is apparent from what has been held by this court. *State, etc., v. Metcalf*, 65 Mo. 480 ; *State, etc., v. Steers*, 44 Mo. 223. The Dayton book with its apparent majority of forty-eight for Clark should be excluded from the count, and this requires a denial of a peremptory writ, whatever may be said of other questions. *State, etc., v. Steers*, 44 Mo. 223. And it was only from such certificate, and not anything back of it in the poll books or tally sheets, that the canvassers could lawfully ascertain the number of votes given for any person for office. *State ex rel. v. Berg*, 76 Mo. 136 ; *State ex rel. v. Garesche*, 65 Mo. 480 ; *State ex rel. v. Trigg*, 72 Mo. 365. And returns, void on their face, should be rejected, even by the ministerial canvassers of election returns. *State v. State Canvassers*, 36 Wis. 498 ; *Lawrence Co. v. Schmaulhausen*, 123 Ill. 321. Where the general rule, confining the functions of election canvassers to purely ministerial acts, was held in its strongest phase it is conceded that they might "probably judge whether the returns are in due form." *People v. Head*, 25 Ill. 328. (6) But there being a doubt of relator's election the peremptory writ should be denied. *People v. Davis*, 93 Ill. 133 ; *People v.*

*Johnson*, 100 Ill. 537; *Martin v. Martin*, 27 Mo. 225. (7) The alternative writ is not sufficient to support a judgment or peremptory writ, in that it does not show previous "demand" by the relator upon the respondent for the performance of the alleged duty. *Orville v. Supervisors*, 37 Cal. 354; *Condit v. Austin*, 25 Ind. 422; *State v. Davis*, 17 Minn. 429; *State v. Lebra*, 7 Rich. 234; *Cort v. Elliott*, 28 Neb. 293. And this objection to the sufficiency of the writ may be taken any time, at or after the making of the return to it. *Board of Trustees v. People*, 12 Ill. 248.

MACFARLANE, J.—The return of respondent to the alternative writ, after special denials of the statements thereof in regard to the result of the election for which relator was a candidate, his refusal to certify the result of the election, and that he falsified the same; and, after giving a detailed statement of the manner in which he had performed his duties as clerk, in canvassing the vote, made the following special plea in bar to the writ:

"On the twenty-fifth day of November, 1890, the relator, R. F. Clark, gave and delivered to the said John F. Sturgis notice of contest of his said election to said office, specifying the grounds upon which the said Clark, as contestant, intends to rely, raising objections to the vote in Sturgis' favor in all the voting precincts, and making objection to the qualification of divers voters at said election, and giving the names of such voters and stating the objections therein. Which said notice was served fifteen days before the May term, 1891, of the circuit court of said Newton county at which said election will be contested. The contest so begun by the relator herein is still pending, the writ in this cause, to-wit, the alternative writ of *mandamus*, was issued by this court upon relator's petition therefor on the twenty-sixth day of November, 1890, and was

served on defendant on the twenty-eighth day of November, 1890.''

The return further showed that on the sixth day of November, 1890, respondent completed the canvass of the vote of said county, and before the issuance of the writ herein had certified the result thereof to the secretary of state, and on the fourteenth day of November, 1890, the said Sturgis had been duly commissioned by the governor as prosecuting attorney of said county.

The remedy by *mandamus* will only be allowed against a public officer in case the one claiming its benefits shows himself to be directly interested in the performance of the thing demanded, and that he has no other adequate, specific and effective remedy at law by which he may obtain the result sought. The ultimate result sought to be accomplished by relator, under this proceeding, was to determine, as between himself and Sturgis, which was, on the face of the returns of the judges and clerks of the various voting precincts, elected to the office of prosecuting attorney of the county. The writ shows, and the return admits, that relator has such a direct interest in the proper canvass of the vote by the county clerk, as authorizes him to invoke this remedy and a peremptory writ should issue unless the facts pleaded in the return constitute a bar thereto.

The motion of relator for a peremptory writ, notwithstanding the return of respondent, operates in the nature of a demurrer to the return, and admits the truth of every affirmative allegation thereof which is sufficiently pleaded.

The statute (sec. 4706) provides that contests of elections shall be commenced by giving to the contestee a notice thereof within twenty days after the votes have been officially counted. It provides for the service of this notice in a certain specified manner and requires it to specify the grounds upon which the contestant intends to rely, the names of the voters whose votes will

be objected to, and the ground of such objection. The return pleads all the facts the statute requires so as to show that a notice sufficient in recitals was served upon the contestee within the time and in the manner required by the statute. This notice is the initiatory step in the contest and operates in the nature of a petition and writ in an ordinary civil action, and is all that is required by the statute to initiate the contest.

After notice has been served, parties are allowed process and may take depositions. The contest shall be heard and determined in a summary way at the first term of court without formal pleadings. The facts showing the pendency of the contest were, we think, sufficiently pleaded, and it, therefore, stands admitted under the pleadings that a contest was pending when this proceeding was commenced.

The return of respondent shows that he had already undertaken to discharge his duties, and he sets out fully and in detail the manner in which it was done. It appears from this return, and from attached copies of the poll books, that the result of the election as between relator and Sturgis depends upon the count of the vote of Thurman precinct. The poll books as returned by the judges of election to respondent as county clerk show in one part of the certificate that Sturgis had received forty-nine votes, while in the latter part of the certificate Sturgis is given thirty-nine votes. The returns from two other precincts were rejected by the clerk for the reason that the judges and clerks were not sworn, and no certificates to the returns were made by them. Relator insists that the vote, appearing on these poll books, should have been counted. It appears that it will take the vote of the two rejected precincts, and also a count of the thirty-nine votes to Sturgis in Thurman precinct to elect relator. The clerk counted forty-nine votes for Sturgis in this precinct, and this count, which would include the two rejected precincts, gives Sturgis three votes majority.

The relief sought by relator in this proceeding is to require respondent, as clerk, to count the two rejected precincts, and to count for Sturgis the thirty-nine instead of the forty-nine votes certified from Thurman precinct.

The question then is whether the contest now pending between relator and Sturgis affords to relator a plain and specific remedy which is fully adequate to redress the grievances complained of. If it does so the peremptory writ should be denied. High, Ex. Rem., sec. 16; *People v. Cover*, 50 Ill. 101; *State v. Supervisors*, 29 Wis. 79; *State ex rel. Patterson v. Marshall*, 82 Mo. 486; *Williams v. Court*, 27 Mo. 226; *Byrne v. Harbison*, 1 Mo. 225; *State ex rel. Wheeler v. McAuliffe*, 48 Mo. 114; *Ingerson v. Berry*, 14 Ohio St. 321.

In this contest the true vote of any precinct, or of the whole county, may be ascertained by opening the ballot boxes, and making a recount of the vote. The certificates of the judges of election and of respondent may be disregarded entirely. The vote of the rejected precincts, and the true vote of Thurman township can in that way be ascertained and counted accordingly. Const. of Mo., sec. 3, art. 8; R. S. 1889, sec. 4706; *Shields v. McGregor*, 91 Mo. 534; *Gumm v. Hubbard*, 97 Mo. 311 Thus it will be seen that relator has a specific remedy by which he can secure a count in his favor of all votes of which he may have been deprived, by any failure of duty on the part of either the judges of election, or respondent, and the vote of Sturgis can be corrected if improperly certified.

If, in this contest, relator is found to have been elected, he will not be left with a barren adjudication that he has suffered a wrong, as in a successful proceeding by *mandamus*, but he may be given full and adequate relief for such wrong by being, at once, and summarily, placed in possession of the office of which he had been illegally deprived. R. S. 1889, sec. 4707. So it will be seen that relator's remedy by contest is

adequate to redress the grievances of which he complains.

The remedy by contest accomplishes through one plain, practical, summary proceeding all that is necessary to do full and complete justice between the parties, much of which could not be accomplished by *mandamus* alone. There is no violated right of relator, of which complaint is made in this proceeding, that cannot be fully, adequately and summarily remedied by the pending contest, and the peremptory writ ought to be denied.

In view of the conclusion reached, we do not deem it necessary to consider or determine the duties of respondent in canvassing this vote, or whether he properly discharged that duty. Neither do we decide whether, after respondent had fully exercised his official power in the premises, by canvassing the vote, and certifying the result to the secretary of state, *mandamus* would lie to require a recount, if the first was found to have been improperly or erroneously made.

Peremptory writ denied. All concur except SHER-WOOD, C. J., who dissents. BLACK, J., is also of the opinion that the writ should be denied for the further reason, that the return and the exhibits filed therewith show that a proper canvass of the vote of the county would not change the result of the election as certified by respondent.

### SEPARATE OPINION.

BARCLAY, J.—By concurring in the views of my learned associate, who has just announced the conclusion of the full court, it is not my intention to recede, in any particular, from the positions taken in the opinion of the divisional court number 1, upon the subjects not dealt with by the opinion of the court *in banc.*