THE STATE *ex rel.* JAMISON V. LESUEUR *et al.*

Division Two, January 21, 1895.

1. **Supreme Court:** MANDAMUS: OFFICE: FORGED ELECTION RETURNS. The supreme court will not, by *mandamus* proceeding, compel the recorder of voters of Kansas City to reconvene the board of canvassers for the purpose of counting votes cast for relator for the office in controversy according to the true returns of the judges and clerks of the election "ignoring and excluding from consideration" alleged forged and altered returns, as the correctness of the returns is a question of fact which should be heard in the trial court.

2. **Circuit Court:** ELECTION CONTEST. The circuit court is the proper *forum* in which to commence an election contest case.

*Mandamus.*

PEREMPTORY WRIT DENIED.

*R. H. Field, L. C. Slavens* and *C. E. Small* for relator.

(1) The remedy of a proceeding to contest the election of Bremermann is not an adequate remedy for the relief sought, nor such as to defeat the writ of *mandamus* in this case. *State v. Peacock*, 15 Neb. 443; *Clark v. McKenzie*, 7 Bush, 523; *Roemer v. Canvassers*, 70 Mich. 30; *In re Sloan*, 25 Pac. Rep. 935; *Belknap v. Board*, 94 Mich. 517; Wood on Mandamus, 114; Merrill on Mandamus, secs. 51 to 54; *Smith v. Lawrence*, 2 South Dakota, 185. (2) It is well settled that canvassing officers perform simply ministerial duties, and may be compelled, by *mandamus*, to assemble and perform any particular duty which they have neglected to perform, and, unless the statute expressly provides that

they can not perform those duties, except within a specified time, the provision as to the time in which they are to do the act is simply directory. *State ex rel. v. Garesche*, 65 Mo. 480; *State ex rel. v. Trigg*, 72 Mo. 365; *State v. Ringo*, 42 Mo. App. 115; *St. Louis v. Sparks*, 10 Mo. 117; *State ex rel. v. Berg*, 76 Mo. 136. (3) The fact that some of the justices of the peace have gone out of office is immaterial; they may still act as members of the board, or the recorder may call others to his assistance. *Lawrence v. Smith*, 2 South Dakota, 187; Merrill on Mandamus, sec. 185; Paine on Elections, sec. 923; *Clark v. McKenzie*, 7 Bush (Ky.), 524; *People v. Schiellien*, 95 N. Y. 125. (4) But there is abundant authority for the proposition that a regular certificate of election is no bar to *mandamus*. *Clark v. McKenzie*, 7 Bush (Ky.), 523; *Roemer v. Canvassers*, 90 Mich. 30; *Smith v. Lawrence*, 2 South Dakota, 185; *In re Sloan*, 25 Pac. Rep. 935, and cases cited.

*Elijah Robinson* and *Isaac H. Kinley* for respondents.

(1) The record shows that relator sued out his writ in the first instance in the circuit court of Jackson county before a judge of his own choosing and was there defeated after a full hearing. He is now trying to appeal through a second *mandamus;* this he can not do. *Williams v. Judge*, 27 Mo. 227; *State v. Stewart*, 32 Mo. 483. (2) *Mandamus* is not the proper remedy to try the right to an office the title to which is in dispute, either in a direct or in a collateral proceeding. *State v. Taaffe*, 25 Mo. App. 567. (3) *Mandamus* is not the proper remedy to determine, either directly or indirectly, the title to public office. *State ex rel. v. May*, 106 Mo. 508; 6 Am. and Eng. Encyclopedia of

Law, pp. 383, 384, and note 1, on page 384.    (4) The duties of the canvassing board are ministerial and not judicial, and to require of them the performance of what is asked in the writ is to require of them the performance of a judicial duty.    The duties are ministerial and not judicial.    *Mayo v. Freeland*, 10 Mo. 392; *State ex rel. v. Harrison*, 38 Mo. 510; *State ex rel. v. Steers*, 44 Mo. 220; *State ex rel. v. Vail*, 53 Mo. 112; McCrary on Elections, sec. 84.

PER CURIAM.—This is a proceeding by *mandamus* in which it is claimed by the relator that, at the election held November 6, 1894, he was elected to the office of prosecuting attorney of Jackson county, as shown by the returns of the judges and clerks of the election, by a majority of three hundred and twenty votes over his competitor, one Bremermann, to whom was issued by the proper authority, but in fraud of relator's rights, the certificate of election.

Relator avers that, after the returns of the election in Kansas City had been delivered to the recorder of voters of said city, Owsley, the defendant herein, as required by law, the figures in the returns from seven precincts were forged or altered so far as they related to prosecuting attorney so as to change the majority of three hundred and twenty for relator, to a majority of sixty for Bremermann.

Under the law the election returns from the city were deposited with the recorder of voters, and the returns from the precincts outside of the city with the county clerk.    The recorder is required, with the assistance of two justices of the peace, to cast up the vote of the city within eight days, and the county clerk, with like assistance, to cast up the vote outside the city and in the county within five days after the election.

The county clerk transmitted the abstract of votes for prosecuting attorney to Lesueur, secretary of state, on the twenty-first day of November, 1894, but no commission has yet been issued to Bremermann, who is not a party to this proceeding.

All material allegations in the alternative writ are denied by Owsley and Caldwell in their return thereto.

The prayer of relator is that a peremptory writ of *mandamus* issue against the defendants commanding and enjoining the defendant, Owsley, to immediately call to his assistance defendants Shannon and Hawthorne, or two other justices of the peace of opposite political parties, and that they proceed to examine and cast up the votes given each candidate for the office of prosecuting attorney and count the returns of all the votes cast in said city at said election for said office according to the true and genuine returns of the judges and clerks of the election, ignoring and excluding from consideration said forged and altered returns, and to certify the result to the defendant, Caldwell, as clerk of the county court as aforesaid, and that said clerk certify the same to the secretary of state as required by law, etc.

The question presented for decision is whether this court will order testimony taken on the question as to the falsification of the returns, and whether they were altered or forged after being delivered to the recorder of voters, as alleged by the relator and denied by Owsley.

While this court has the unquestioned power to issue writs of *mandamus* and other original remedial writs, and to hear and determine the same, it will not entertain such a proceeding to try the title to an office, or to contest an election to an office, as is sought to be done in this case. The vital issue presented by this record is one of fact, with respect of the fraudulent changes of the poll books after they had been returned

to, and deposited in the office of, the recorder of voters of Kansas City, which would necessitate the taking of testimony, and should be heard by a trial court whose facilities and duties are especially adapted thereto, and not by this court, whose functions under the constitution are principally those of an appellate tribunal. Especially is this so, when the relator has an adequate remedy under the statute by contest, which he has already commenced in the circuit court of Jackson county, by which all of the grievances complained of by him can be corrected, if found to be true upon a full investigation of all the facts in the case. *State ex rel. v. Smith*, 104 Mo. 661. The peremptory writ is denied.