STATE OF MISSOURI AT THE RELATION OF RALPH HARTLEY, RELATOR, v. ROBERT L. GIDEON, JUDGE OF CHRISTIAN COUNTY CIRCUIT COURT, AND JOHN WARD, CLERK OF THE CHRISTIAN COUNTY COURT, RESPONDENTS.—40 S. W. (2d) 745.

In the Springfield Court of Appeals. Opinion filed July 3, 1931.

*Moore & Moore* and *Purd Hays* for relator.

*Omer Brown* for respondents.

COX, P. J.—At a city election held in the City of Ozark, in Christian County, the relator on the face of the ballots, was elected alderman from the third ward of the city, which is incorporated as a city of the fourth class. Thereafter Ben McDaniel filed in the Circuit Court of Christian County a contest claiming that he and not relator was elected alderman in the Third Ward of the city. Afterward the respondent, Robert L. Gideon, Judge of the Circuit Court of Christian County, assumed jurisdiction of the election contest and issued an order to the Clerk of his court directing him to

issue an order to the Clerk of the County Court of Christian County, directing said clerk of the County Court to secure from the Clerk of the City of Ozark, the ballots cast for alderman in the Third Ward of the city, and to call to his assistance such assistants as should be necessary and in the presence of counsel for both parties, after having sworn all parties to secrecy, to proceed to open, count, compare, and exhibit ballots cast in such election in such a manner as to not disclose how any person voted for any candidate except by reading the face of the ballot, etc. This the clerk of the county court attempted to do. The relator then filed in this court a petition for writ of prohibition seeking to prohibit the Judge of the Circuit Court from proceeding on the ground that the circuit court did not have jurisdiction of an election contest in a city election in cities of the fourth class and contended that such contest must be tried by the board of aldermen of such city.

Relator also contends that in any event the Judge of the Circuit Court was going beyond his jurisdiction when he directed the Clerk of his court to issue an order to the Clerk of the County Court directing him to secure possession of the ballots from the City Clerk who was the legal custodian of the ballots and then proceed to open and recount them.

The questions presented to us are two: First, has the Circuit Court jurisdiction of an election contest for aldermen in a City of the Fourth Class. We shall consider this question first and allude to the other question later.

Relator relies upon Section 6964, Revised Statutes 1929, to sustain his contention that the Board of Aldermen and not the Circuit Court has jurisdiction to determine a contest between two persons for the office of alderman of a city of the Fourth Class. The latter part of this section upon which relator relies is as follows: ''Whenever there shall be a tie in an election of an alderman, the matter shall be determined by the Board of Alderman; *so also in case the election of an alderman be contested.* [Italics are ours.] It is the italicized part of this section that appellant relies upon to sustain his position that a contest like this must be tried and determined by the Board of Aldermen in a City of the Fourth Class. This provision of our statute has been on the books since 1895 but has never been construed or referred to in any case in Missouri as far as we are informed. The Constitution of the State, Article VIII, Sec. 8, is as follows: ''The trial and determination of contested election of all public officers, whether state, judicial, municipal or local, except governor and lieutenant-governor, shall be by a court of law or by one or more of the judges thereof. The General Assembly shall, by general law, designate the court or judge by whom the several classes of election contests shall be tried and regulate the manner

of trial and all matters incident thereto. . . ." The first act of the Legislature in which it sought to perform the duty imposed by that section of the Constitution gave the Circuit Court jurisdiction to try contests of elections for county officers and did not mention municipal officers. The Supreme Court held in State ex rel. Francis v. Dillon, 87 Mo. 487, that the act did not give the Circuit Court jurisdiction to try an election contest for a municipal office because the word "municipal" did not appear in the act. Later the Legislature amended the law by what is now section 10339, Revised Statutes 1929, provided that "The several Circuit Courts shall have jurisdiction in cases of contested election for county, and municipal offices . . ." Since the enactment of that law, the Supreme Court held in State ex rel. Brown v. Klein, 116 Mo. 259, 22 S. W. 693, that the change in the statute gave the Circuit Courts jurisdiction to try contested election cases for municipal offices.

It has often been held in this State that the law fixing jurisdiction and providing the procedure in a contested election case is a law unto itself and the general code of procedure does not apply. [State ex rel. v. Slover, 134 Mo. 10, 31 S. W. 1034; State ex rel. v. Ross, 245 Mo. 36, 149 S. W. 451; State ex rel. v. McElhinney, 315 Mo. 751, 285 S. W. 95; In re Frank, 320 Mo. 1027, 9 S. W. (2d) 133.]

It will be noted that the latter part of Section 6964, Revised Statutes 1929, heretofore quoted makes no provision for procedure in case of a contest for alderman in cities of the Fourth Class. That provision of the statute which only pretends to bestow jurisdiction on the Board of Aldermen to try an election contest for alderman makes no provision for procedure in that trial. To determine a contest for the office of alderman is a judicial act and while trying it, the body or court acts judicially and must proceed in the manner provided by the statute and since the statute makes no provision for procedure by the Board of Aldermen in the trial of an election contest it is nugatory for that reason.

It is void for another reason. The statute now provides that the circuit court has jurisdiction in contested election cases for municipal as well as county officers and it has been held that when the Legislature confers jurisdiction in certain election contests, the jurisdiction of that court becomes exclusive and no other party or court except the one named in the statute has jurisdiction. [State ex rel. v. Francis, 88 Mo. 557.]

It has also been held that under the terms of the present constitution, all election contests must be tried by some court. [State ex rel. v. Hiller, 278 S. W. 708.]

The present statute expressly states that the circuit court has jurisdiction to try election contests for municipal offices and our conclusion is that it is the only court that has such jurisdiction.

There remains but one other question, did the Circuit Court or judge exceed his jurisdiction in directing a writ to issue from the clerk's office of his court directed to the Clerk of the County Court commanding him to secure possession of the ballots which were in the legal possession of the city clerk and then call to his aid such help as he should need and then proceed to recount the ballots for alderman in the third ward of the City of Ozark? We do not find any provision of the statute authorizing such procedure. The only ballots the County Clerk can recount under the provision of Section 10354, Revised Statutes 1929, are the ballots in his office and of which he is the legal custodian. The writ under which he acts must conform with the statute and command him to examine the ballots in his office that were cast at the election in contest. There is no provision anywhere in the statute which will authorize a circuit court or judge to require the county clerk to go out of his office and secure possession of ballots never deposited in his office and which, under the law, could not be deposited there, as it is sought to be done in this case. For the reason that there is no statute authorizing the procedure attempted in this case, such procedure is entirely outside the jurisdiction of the circuit judge or Circuit Court of Christian County and the procedure attempted in this case, is, therefore, unwarranted and void.

As a result of our holding the writ of prohibition will be made permanent. *Bailey* and *Smith, JJ.*, concur.