STATE OF MISSOURI, at the Relation of CECIL BOOK, Relator, v. ARTHUR U. GOODMAN, JR., Acting Judge of the Circuit Court of Pemiscot County, Missouri, and HAROLD S. JONES, Clerk of the County Court of Pemiscot County, Missouri, Respondents, No. 43857—263 S. W. (2d) 409.

Court en Banc, December 14, 1953.

Rehearing Denied, January 11, 1954.

486

*Fred L. Henley* and *Von Mayes* for relator.

*R. W. Hawkins* for respondents.

CONKLING, C. J.—Prohibition. In this original proceeding filed here June 11, 1953, relator challenges the jurisdiction of respondent, as acting Judge of the Circuit Court of Pemiscot County, to make an order entered therein by him on May 20, 1953. The order in question directed the respondent Jones, as county clerk of that county, to take into his possession and to count certain ballots alleged to have been cast in a city election held in the City of Caruthersville, Missouri, on April 7, 1953. It is alleged that the respondent clerk has secured possession of the ballots in question and will comply with the above court order unless we rule that the respondent Judge had no jurisdiction to make the above order.

The issue instantly before us arose from the following facts:— relator, Cecil Book, in his petition for our writ filed here, alleges that at the above municipal election in Caruthersville, a city of the third class, he was elected alderman in the second ward by a majority of 12 votes of the 368 votes counted in said second ward; that his opponent in said election, Wilson Cox, as contestant, filed his notice to contest that election in the office of the clerk of the circuit court

of that county, wherein the latter alleged that there were 26 ballots cast at that election for contestant Cox which were rejected (and not counted) by the judges at that election, and, that if those 26 ballots had been counted by the election judges, that contestant Cox would have received a majority of the legal votes cast for alderman in said ward; and that in that circuit court action contestant Cox prayed the court to order the respondent clerk of the county court to count said 26 above mentioned ballots and, if said 26 ballots could not be identified, to count all the ballots cast for alderman in said ward.

The above order of May 20, 1953, directed the respondent clerk: to take possession of all the ballots cast; to fix a time for counting them and give notice to all interested parties of the time so fixed; to open the ballots, count them, compare them with the list of voters and examine them all as provided in RSMo 1949, Sections 124.310 to 124.350; to certify the result of the above counting, comparison and examination under his signature and seal and file the same in the office of the clerk of the circuit court; to neither ascertain, nor attempt to, how any voter cast or attempted to cast his ballot, and to permit no one else to do so; to remove no black stickers covering the numbers on any ballots, and to permit no one else to do so; that if upon such examination, any ballot or ballots are found which are not marked as provided by statute, to report such fact certifying the number of ballots and how marked, and to keep such ballots separate; that if it can be ascertained that 20 or 24 of the ballots are separated from the remainder, then to make a separate count of them, and to continue to keep such ballots separate; and to hold possession of all ballots until further order of the circuit court.

Relator's petition for our writ of prohibition is based upon the theory that the order of the respondent Judge violates Section 3 of Article VIII of the Constitution, and that he exceeded his jurisdiction in entering such order because, (1) the county clerk is not the legal custodian of the ballots and is not authorized by law to examine them and compare them with the list of voters, and (2) the law does not specifically provide for the contest of a municipal election in cities of the third class. It is contended that for those reasons the respondent Judge had no jurisdiction to enter the above order. It is the above alleged excessive exercise of judicial power against which the restrictive relief of prohibition is here asked.

Respondents filed their return making certain factual admissions, but controverting the issues of law raised by the allegations referred to in the just preceding paragraph. The cause is at issue upon relator's motion for judgment upon the pleadings. The sufficiency of the contestant's notice to contest the election is not questioned.

After the county clerk secured the ballots in question and before he had otherwise complied with the court's order of May 20th, the application for our preliminary rule was made by relator, and

our temporary order was issued staying all proceedings until the further order of this Court.

The county clerk of Pemiscot County was made a party respondent. He had threatened no usurpation of judicial power, but was directed by the respondent Judge to do a purely ministerial act. Nash v. Craig, 134 Mo. 347, 35 S. W. 1001. It may be well for us to here again declare that under our law prohibition may be invoked only to prevent judicial usurpation and may properly issue only against those clothed with the exercise of judicial power. None other than those so clothed should be made respondents in prohibition. If, by the writ of prohibition, the threatened or attempted usurpation of judicial power be stayed, the instrumentalities or persons through which such threatened usurpation may be exercised are thereby rendered impotent to act. This action should have been brought against the respondent Judge alone. State ex rel. Reed v. Harris, 348 Mo. 426, 430, 153 S. W. (2) 834, State ex rel. Phillips v. Barton, 300 Mo. 76, 254 S. W. 85.

Relator concedes that pursuant to Section 5 of Article VII of the Constitution, the General Assembly, in Section 124.250 of the statutes, has provided that the circuit courts shall have jurisdiction of "cases of contested elections for * * * municipal * * * offices," but asserts that Section 124.310 [Statutory references are all to RSMo 1949 and V.A.M.S., unless otherwise indicated] in contested election cases provides for the recount of the ballots by a County Clerk, who is neither the legal custodian of ballots cast in municipal elections nor a judicial officer. Section 124.310 does so provide for recount by the county clerk but relator does not contend that for the above noted reason that section is void. And we see no reason why, for containing that provision, it should be held void. Section 5 of Article VII, supra, provides that: "The general assembly shall designate by general law the court or judge by whom the several classes of election contests shall be tried and regulate the manner of trial *and all matters incident thereto*"; etc. [Emphasis supplied.] Under the above constitutional provision the general assembly had power to provide that in election contest cases the county court clerk should be ordered to recount the ballots..

Relator's next contention is that there is no statute providing for the contest of municipal elections *in cities of the third class*, and that unless the circuit court has implied or inherent power to order the clerk of a *city* of the third class to recount the ballots, the instant municipal election for the city Council may not be contested at all. Relator's brief cites and relies on Ex parte Oppenstein, 289 Mo. 421, 233 S. W. 440, State ex rel. Hartly v. Gideon, 225 Mo. App. 459, 40 S. W. (2) 745, State ex rel. McCurdy v. Slover, 126 Mo. 652, 29 S. W. 718, and State ex rel. Francis v. Dillon, 87 Mo. 487. Under Section 124.310 the circuit court had no power to order a recount

made by the *city* clerk. When a recount order is entered, the court must follow the mandate of Section 124.310 and order such recount made by the *county* clerk. We further examine relator's above contentions.

Section 5 of Article VII of the Constitution provides first that cases of contested elections of executive state officers shall be before the Supreme Court, and also provides that contested elections of *all other* public officers shall be in courts of law which shall be designated by the general assembly. Pursuant to such constitutional provision the general assembly, Laws of Missouri 1945, page 887, designated that the several circuit courts shall have jurisdiction of contested elections for municipal offices, such as the instant one. Some of the procedure respecting the custody of ballots in contests of municipal elections in cities of the first class only, is provided in Section 122.320. But the general procedure for contests of municipal elections authorized by the Constitution and instantly pertinent is found in Chapter 124 of our statutes and particularly in Sections 124.250 and 124.310. Other than as appears in Section 122.320, ▉▉▉ we do not find that the statutes provide a particular procedure as to holding the ballots. The statutes do not in anywise limit the general authority granted to contest municipal elections to any particular class of city, nor do the statutes (at other than as above noted in Section 122.320) set up any different contest procedure for any different class or classes of cities. And no such statute has been pointed out to us.

In Ousley v. Powell, Mo. App., 12 S. W. (2) 102, 103, the court had before it the contest of an election in a fourth class city. It was there noted that neither Section 4896, RSMo 1919 [which was subsequently Section 10339 of RSMo 1929, and was thereafter Section 11632 of RSMo 1939, and is now Section 124.250 of RSMo 1949] nor any other section of the statutes made specific provision for election contests in cities of the fourth class. The court there concluded and ruled that the general statute authorizing contests of municipal elections applied and authorized such contests in fourth class · cities. Without stating any reason 'therefor relator instantly asserts we should overrule Ousley v. Powell, supra. No reason or ground, other than that that case holds contrary to relator's instant position, is advanced to overrule the Ousley case. But it is our view that the Ousley case was soundly reasoned and ruled. If the General Assembly had desired to prohibit municipal election contests in third class cities, the exception could have easily been written into Section 124.250. If it had been intended that the procedure of the above general statutes for the contest of municipal elections should not apply to third class cities, or that a different procedure should apply to third class cities, the legislature could easily and would have so written the statutory law. And inasmuch as both constitutional and statutory authority authorizes the contest of municipal elections,

and that neither the constitution nor the statutes place any limitation whatever upon the class of the cities as to which such election contests may be allowed, the courts are without power to write into the statutes by construction, any limitation that such contests are not cognizable as to elections in third class cities. The contention made by relator is without substance, and we rule that under the existing statutes the respondent Judge possessed jurisdiction to enter the order of May 20, 1953.

██ Relator's further contention that the respondent Judge's above order violated Section 3 of Article VIII of the Constitution, respecting the secrecy of the ballot, cannot be sustained. That constitutional section contains the proviso, ''* * * that in cases of contested elections, * * * the ballots cast may be opened, examined, counted, compared with the list of voters and received as evidence.'' And in the respondent's above order the county clerk was directed to neither ascertain, nor attempt to, how any voter cast or attempted to cast his ballot, and to permit no one else to do so; and to remove no black stickers covering the numbers upon any ballots, nor permit anyone to do so. It must be ruled that contention is without merit.

We have examined the Oppenstein, Hartly, McCurdy and Dillon cases cited and relied on in relator's brief. A reading of those cases quickly discloses their inapplicability to any issue instantly before us. Relator's brief does not discuss the above cases and no attempt is therein made to show the applicability of anything in any of them to the case now at bar.

██ Relator's ipse dixit that the regular Judge of the circuit court of Pemiscot County was without authority, after he had disqualified himself to hear the instant election contest, to call in the respondent acting Judge to sit and try the above election contest has neither substance nor merit.

██ Reaching the conclusion above expressed that the respondent acting Judge of the circuit court of Pemiscot County had jurisdiction to try the instant election contest which arose in a third class city in such county, and that he had jurisdiction also to make the above order of May 20th, it follows that our preliminary rule in prohibition was improvidently issued. The preliminary rule heretofore issued is ordered discharged.