**Gene ROBERTS, Contestant-Appellant,**

v.

**L. E. (Jim) BOLIN,**
**Contestee-Respondent.**

**No. 59920.**

Supreme Court of Missouri,
En Banc.

March 13, 1978.

R. Jack Garrett, Clyde Butts, Garrett &
Butts, West Plains, for contestant-appellant.

Leland Negaard, Eminence, for contestee-respondent.

BARDGETT, Judge.

This is an election contest wherein Gene
Roberts, contestant-appellant, contests the
election of L. E. (Jim) Bolin, contestee-respondent as sheriff of Shannon County,
Missouri. This court has jurisdiction because the case involves title to an "office
under this state." Mo.Const. Art. V, § 3;
*Kasten v. Guth*, 395 S.W.2d 433 (Mo.1965);
*Noonan v. Walsh*, 364 Mo. 1169, 273 S.W.2d
195 (1954); *State on inf. McKittrick v. Williams*, 346 Mo. 1003, 144 S.W.2d 98 (Banc
1940); *State ex rel. Davidson v. Caldwell*,
310 Mo. 397, 276 S.W. 631 (1925).

Gene Roberts was the Republican candidate and L. E. (Jim) Bolin was the Democratic candidate for sheriff at the general
election held November 2, 1976. Contestee
was certified to have 1,647 votes and con-

testant was certified to have 1,298 votes.
On November 18, 1976, contestant filed his
"Notice of Contest" with the circuit clerk of
Shannon County which was duly served on
contestee. On November 26, 1976, contestant's petition was dismissed by the court on
its own motion, without notice or an opportunity to be heard, for failure to state a
cause of action.

The case of *Gladden v. Kansas City*, 411
S.W.2d 228 (Mo.1967), and its predecessors
is decisive on the issue of whether the court
erred in dismissing contestant's notice of
contest on its own motion without prior
notice or hearing. In *Gladden* the plaintiffs
filed a petition instituting a class action.
The defendants answered and plaintiffs
filed a reply. The plaintiffs then filed a
motion for summary judgment which was
overruled. Some months later the case was
dismissed by the court on its own motion
without notice to plaintiffs and without a
hearing. The Supreme Court stated at
229–230:

"In *Bindley v. Metropolitan Life Ins.
Co.*, supra [358 Mo. 31, 213 S.W.2d 387],
this court said this: 'Notice and a hearing, or an opportunity to be heard, have
long been considered essential to due
process, to a decision on the merits of a
cause and to the deprivation of rights and
property.' Reference was made to various motions authorized by the then code
of civil procedure which resulted a final
adjudication of a cause, and it was held
that 'Such motions require notice and a
hearing or an opportunity to be heard,
where the party is not in default for
failure to appear.' In *Hoppe v. St. Louis
Public Service Co.*, 361 Mo. 402, 235
S.W.2d 347, 23 A.L.R.2d 846, judgment
for defendant pursuant to a jury verdict
was entered in plaintiff's action for personal injuries. Plaintiff's motion for new
trial was filed out of time and was a
nullity. Thereafter, but within thirty
days after judgment, the trial court of its
own motion but with no notice to defendant granted plaintiff a new trial on the
ground that the verdict was against the
weight of the evidence. This court stated

that the question for decision 'concerns not the power of the court to order the vacation of a judgment,' but that '[w]e are here concerned only with the *manner* of the exercise of such power.' The court then held as follows: 'In our system of jurisprudence reasonable notice to a litigant (when there exists even the possibility of action adverse to his interests) is deemed to be of the essence of fairness and justice. Reasonable notice to parties whose interests are at stake in a contemplated order is a prerequisite to the lawful exercise of the court's power. Opportunity for a litigant to present his views as to matters instantly before the court which may affect his rights is the very foundation stone of our procedure.' The order granting a new trial in the *Hoppe* case was set aside, and we are of the opinion and hold that the dismissal with prejudice of a petition without notice is subject to the same rule."

Contestee relies on *State ex rel. Hartly v. Gideon*, 225 Mo.App. 459, 40 S.W.2d 745 (1931), and § 124.280, RSMo 1969, in support of his argument that the court acted within its discretion. In *Gideon* at 746 it was held that the laws fixing jurisdiction and providing procedure in a contested election case are a law unto themselves and the general code of procedure is inapplicable. While that is generally true, there is nothing in the election contest statutes which authorizes the court to simply sua sponte dismiss a contestant's "notice of contest of election" (petition) without notice or the opportunity to be heard on the matter. Nor does the provision of § 124.280, which provides that "Every court authorized to determine contested elections shall hear and determine the same in a summary manner, without any formal pleading," authorize such action. The law requires, at a minimum, that the party contesting the election have the opportunity to attempt to persuade the court that the notice of contest is sufficient or, perhaps, seek to amend it. See also *Wheatley v. State*, 559 S.W.2d 526 (Mo. banc 1977); *Hoppe v. St. Louis Public Service Co.*, 361 Mo. 402, 235 S.W.2d 347 (Banc 1950).

Contestee cites *Davenport v. Teeters*, 273 S.W.2d 506 (Mo.App.1954), for the proposition that the contestant must allege in the notice that there existed a reasonable chance that the result of the election would be different if the allegations were found correct. This much is true. However, *Davenport* also recognizes that "the first pleading is not necessarily final, and, provided there be a parent stock upon which the same can be ingrafted, amendments are permitted." 273 S.W.2d at 512. It should also be noted that the court in *Davenport* permitted arguments of counsel prior to dismissal. 273 S.W.2d at 509.

For the foregoing reasons the judgment of dismissal is reversed and the cause remanded to the circuit court.

HENLEY, FINCH, DONNELLY, RENDLEN and SEILER, JJ., and McMILLIAN, Special Judge, concur.

MORGAN, C. J., not sitting.