# THE STATE ex rel. WELLS v. HOUGH, Judge, et al.

### In Banc, February 26, 1906.

1. **ELECTION CONTEST:** **Instituted By Notice: Summons: Constitutionality of Statute.**. An election contest for an office is instituted by the notice required by section 7029, Revised Statutes 1899. Said notice is not required to be first filed in the office of the circuit clerk, and then a summons issued running in the name of the State and commanding the contestee to appear on a day certain, before the contest may be said to be begun. Nor is said statute unconstitutional in not requiring such summons.

2. ———: ———: ———: ———: **Meaning of Constitutional Provisions.** Such section is authorized by the provision of the Constitution (sec. 9, art. 8), which says that the General Assembly, in providing for the trial and determination of contested election cases, shall, by general law, "regulate the manner, of trial and all matters incident thereto;" nor is that section of the Constitution in conflict with section 38 of article 6, which says that "all writs and process shall run and all prosecutions shall be conducted in the name of the 'State of Missouri;' all writs shall be attested by the clerk of the court from which they shall be issued," etc. The law regulating the manner of conducting an election contest for any public office, except that of Governor and Lieutenant-Governor, is a code unto itself. The Code of Civil Procedure is not applicable to such a case. Under section 9 of article 8 the General Assembly had ample authority to dispense with the formal writs or process known to the common law, and devise different methods to bring the contestee before the court.

3. ———: **Double Purpose of Notice.** It was competent for the General Assembly to provide for a formal notice to the contestee, and make it serve the double purpose of bringing him into court and of advising him and the court of the grounds of the contest.

4. ———: **Summary Proceeding: Jury Trial.** An election contest to determine a right to an office is a summary proceeding, and neither party is entitled to a trial by jury.

5. ———: **Filing of Notice.** The notice of contest need not be filed with the clerk of the circuit court and, if not so filed, need not recite that it has been filed, nor the particular day when it will be filed. The statute does not so require, and it would

seem that the filing of the original, where a copy has been served on the contestee in proper time, at any time before the commencement of the term to which the contest is returnable, would meet all the requirements of the law.

6. ————: **Sufficiency of Notice: Prohibition.** Where the circuit court has jurisdiction of the subject-matter of an election contest, and there is nothing in either the notice or the proceedings brought to indicate that the court has or is about to exceed its jurisdiction in the counting of the ballots, this court will not prohibit it from proceeding in the case simply on the ground that the notice of the contest, which is made to serve as a petition also, is indefinite, and contains guesses and surmises, and smacks strongly of a fishing expedition to ascertain facts which should be definitely stated, but which the pleader did not know. If the notice states a cause of action, any error of the court in reference to such indefinite allegations may be corrected on appeal.

7. ————: ————: **Amendment.** Amendments in an election contest which do not change the grounds of the contest may be allowed.

8. ————: ————: **Prohibition.** Where an application for a writ of prohibition is made to a superior court to deprive an inferior court of jurisdiction over an election contest, if enough facts are alleged in the original notice or petition in the contest proceeding to disclose that the case falls within a class of proceedings which that court is lawfully authorized to hear and determine, the question of the sufficiency of the showing made, by the petition or notice, for the purpose of setting the trial court in motion, is one of law for the determination of that court.

9. ————: **Anticipated Error: Prohibition.** Prohibition should not be applied to anticipate a ruling upon a question properly within the authority of the court to decide.

10. ————: **Counting Ballots: Order.** The order, set out in the statement, to the board of election commissioners of St. Louis to count and compare the ballots with the poll-books, is held not to be in excess of the jurisdictional powers of the circuit court.

PRELIMINARY RULE QUASHED.

*James Hagerman, J. W. Jamison* and *Lee W. Hagerman* for relator.

(1)  The contestant's notice was not sufficient to give the court jurisdiction over the person of the con-

testee. (2) An election contest is a "case" in court under the Constitution and statutes of Missouri. Secs. 2 and 9, art. 8, Constitution; sec. 7029, R. S. 1899. A "case" is a "suit" or "action" or "cause." They are synonymous. Ex parte Millegan, 4 Wall. (U. S.) 112; 5 Am. and Eng. Ency. Law (2 Ed.), title "cause;" Magill v. Parsons, 4 Conn. 322; Kendall v. U. S., 12 Peters 624; Susquehanna Co's. Appeal, 105 Pa. St. 615; Drake v. Gillman, 2 N. Y. 391; Taafe v. Ryan, 25 Mo. App. 563; State ex rel. v. John, 81 Mo. 13; State ex rel. v. Dillon, 87 Mo. 487; State ex rel. v. Board of Public Schools, 112 Mo. 213; State ex rel. v. Slover, 134 Mo. 18. (3) A "case," "suit" or "action" cannot be brought or maintained in a court of record unless the petition or its equivalent is filed. This is elemental. There is no exception. 8 Ency. Pl. and Pr., 629; 21 Id., 679; Lumber Co. v. Wright, 114 Mo. 331; 1 Cyc. Law and Proc., 747; Martin on Civ. Proc. pp. 10, 11; Bouvier's Law Dic., p. 362; Andrew's Steph. Pl., ch. 3. (4) Section 7029 is silent as to the filing of the notice, but the filing of the notice to serve as a petition being absolutely essential to the commencement of the suit, it necessarily follows that, under the analogies if not the express directions of the Missouri statutes, the notice to serve as a petition must be first filed, and if it can also serve the purpose of summons, must be served as such after filing. Mills v. State, 10 Ind. 114; Hirst v. Cone, 12 Ind. 257; Beagon v. State, 108 Ind. 155; Lowry v. Richmond, 83 Ga. 504; Bailey v. Palmer, 5 Ark. 208; Roth v. Wade, 2 Hill 385; Brackett v. Simons, 1 N. Y. Sup. Ct. 86; U. S. v. Eddy, 28 Fed. 226; Robinson v. Orr, 16 Ohio St. 284; Bowen v. Bowen, 36 Ohio St. 312; Seibert v. Switzer, 35 Ohio St. 661; Ellis v. Fletcher, 40 Mich. 321; Limbird v. Book, 30 Mo. App. 47; secs. 566, 638, R. S. 1899. (5) The notice having expressly stated that it would be filed with the clerk for the purpose of contesting the election, clearly meaning to serve as the petition of contest and the notice not

stating when it would be filed, it did not confer jurisdiction over the person of the contestee. Adcock v. LeCompt, 66 Mo. 40; Fernekes v. Case, 75 Iowa 152; Holliday v. Cooper, 3 Mo. 286; Hodges v. Brett, 4 Green (Iowa) 345; 1 Tidd's Prac. (4 Am. Ed. from 9 London), secs. 164-167; 1 Chit. Rep. 615; 2 Moore 214; Titus v. Relyea, 16 How. 371; Hudson v. Blanfus, 22 Iowa 324; Turnpike Co. v. Hall, 17 N. J. 338. (6) The Constitution (secs. 3 and 9, art. 8) and section 7029 of the election statutes having unmistakably made an election contest a case, that is, a suit or action, of which the circuit court is given exclusive original jurisdiction, the constitutional provision on process (sec. 38, art. 6), section 566 of the Civil Code and setion 4681 of the chapter on writs, are controlling as to the manner of the commencement of the suit and the method of securing jurisdiction over the person of the contestee. (7) If section 7029 can be construed as authorizing the notice therein provided for to serve as both petition and summons, then it must mean that it can only operate as a petition when filed and as a summons when served. Wash v. Craig, 134 Mo. 347. (8) To sustain the jurisdiction of the court over the person of the contestee in the alleged contested election case now under review, this court will have to construe section 7029 as meaning that a mere notice of an intention to sue at the next term of court, naming the day when the same is to be begun, operates to bring the suit without filing the notice to serve as a petition. Such a construction is unprecedented, unreasonable and cannot be sustained. (9) If section 7029 read expressly that the notice of contest therein provided for should serve as a petition and process, and no other petition or process should be required, then no court would hesitate to construe it as meaning that it must be filed to serve as a petition. (10) The alleged notice is not constitutional process, and is therefore a nullity. Any notice which serves to bring a defendant into court is process

within the meaning of section 38 of article 6 of the Constitution of 1875. Fowler v. Watson, 4 Mo. 27; Street v. Beckett, decided at Fayette in 1834; Charles v. Marney, 1 Mo. 537; Little v. Little, 5 Mo. 227; Davis v. Wood, 7 Mo. 162; Doann, King & Co. v. Boley, 38 Mo. 449; Jump v. Batton's Creditors, 35 Mo. 197; Hansford v. Hansford, 34 Mo. 263; Williams v. Munroe, 125 Mo. 574; Smith v. Hackley, 44 Mo. App. 614; Horton v. Railroad, 26 Mo. App. 349; Burrill's Law Dictionary, under head "Process"; Curtis v. McCollough, 3 Nev. 210; Gilbraith v. Kuykendall, 1 Ark. 50; Staten v. Newcomer, 6 Ark. 451; Gorman v. Steed, 1 W. Va. 13; Beech v. O'Riley, 14 W. Va. 55; Hughes v. Phelps, 1 Brev. 81; Knott v. Pepperdine, 63 Ill. 219; Wallahan v. Ingersoll, 117 Ill. 123; Hutchins v. Edson, 1 N. H. 39; Paper Co. v. Paper Co., 19 Fed. 252; Dwight v. Merrit, 18 Blatch. 305, 4 Fed. 416; Wilson v. Railroad, 18 S. W. 293, 108 Mo. 588. (11) The circuit court was without jurisdiction to make an order or writ opening the ballot boxes in this case, because contestant's petition to open the ballot-boxes contains no specific allegations of fact showing the right to have the ballot-boxes opened, even if the contest case had been property pending. The allegations in the petition to open the ballot-boxes are nothing more than a statement of a conclusion that the ballots were wrongfully counted by the judges and clerks of election, with no charge of fraud and no specification as to mistake. It is apparent that the general indefinite and unspecific allegations are mere guess or surmise, not even in good faith, based on no information or reason. The attempt to open the ballot-boxes is simply a fishing expedition by which the contestant hopes he may gather from the ballot-boxes some evidence somewhere of some mistake in the count. The allegations are not sufficient to overcome the strong legal presumption as to the correctness of the official returns, which were made under oath of office of the judges and clerks of election, and aggregated, and their

result determined by the board of election commissioners. State ex rel. v. Spencer, 166 Mo. 277; Borders v. Williams (Ind.), 57 N. E. 527; Whitney v. Blackburn (Ore.), 21 Pac. 874; Lodd v. Stewart (Col.), 23 Pac. 426; Edwards v. Logan (Ky. App.), 69 S. W. 800; Lehlbach v. Haynes (N. J.), 23 Atl. 422; State ex rel. v. Spencer, 164 Mo. 23; State ex rel. v. Fisher, 164 Mo. 47; State ex rel v. Spencer, 164 Mo. 48; State ex rel. v. Spencer, 164 Mo. 55.

*Selden P. Spencer, William Dee Becker, John S. Leahy, Edward D'Arcy* and *Walter J. G. Neun* for respondents.

(1) Pursuant to the constitutional provision by general law the General Assembly has designated the court by whom the several classes of election contests shall be tried, and has regulated the manner of trial and all matters incident thereto. Sections 7029 to 7033, Revised Statutes 1899, provide both for the institution of municipal election contest cases, and for the procedure necessary thereto. (2) These provisions of the general law form a code unto themselves. Castello v. Circuit Court, 28 Mo. 259; State ex rel. v. Klein, 116 Mo. 268; Gumm v. Hubbard, 97 Mo. 318; State ex rel. v. Smith, 104 Mo. 667; State ex rel. v. Spencer, 166 Mo. 279; State ex rel. v. Keschler, 134 Mo. 18. (3) Sections 7029 to 7033 are constitutional. The notice in an election contest takes the place of the writ and petition in the ordinary civil action, and the commencement of the election contest begins with the notice of contest. Castello v. Circuit Court, 28 Mo. 259; Gumm v. Hubbard, 97 Mo. 318; State ex rel. v. Smith, 104 Mo. 667; Nash v. Crag, 134 Mo. 353; Saunders v. Lacks, 142 Mo. 225. (4) "It has been uniformly ruled that statutes governing elections should be given a liberal construction whenever they admit it." "Courts justly consider the chief purpose of such laws, namely, the obtaining of a fair

election, and an honest return as of a paramount importance to the minor requirements which prescribe the formal steps to reach that end." Nash v. Craig, 134 Mo. 354; Bowers v. Smith, 111 Mo. 62; Gumm v. Hubbard, 97 Mo. 319; People v. Board, 129 N. Y. 359. (5) Section 38, article 6, of the Constitution, concerning writs and process, and requiring "all writs and process shall run and all prosecutions shall be attested in the name of the State of Missouri," applies to cases where the writ and process are required by law; that is to say, whenever a writ and process is by law required, then it shall run in the name of the State of Missouri. (a) This provision is merely directory, and has been expressly so held. Davis v. Wood, 7 Mo. 165. The failure to comply with this requirement of the Constitution is regarded as a mere irregularity. Junk v. Batton, 35 Mo. 196; Doan v. Boley, 38 Mo. 450; State v. Foster, 61 Mo. 550; Riesterer v. Horton L. & L. Co., 160 Mo. 151; State v. Brown, 181 Mo. 230. (b) In election contest cases the notice of contest has been expressly provided for to take the place of a writ and acts in the stead thereof. (c) Section 675, Revised Statutes 1899, which distinctly specifies the class of cases to which the Civil Code applies, and which thus requires a writ to run in the name of the State, does not include election contests among those enumerated; and thus it has been expressly held that election contest cases are not governed by the provisions of the Code, but are governed by sections 7029 to 7033. State ex rel. v. Spencer, 166 Mo. 285. (d) Section 566, Code of Civil Procedure, prescribing how suits shall be instituted, provides that suits may be instituted in courts of record, except when the statute law of this State otherwise provides, "by filing such petition in such office and suing out therein a writ of summons against the person." (e) Section 38, article 6, of the Constitution, is under the general head of "Judicial Departments" and has to do generally with cases properly brought under

criminal or civil code. Section 9, article 8, has to do solely with "Suffrage and Elections," and, therefore, in election contest cases is prevailing. Sections 4681 and 4682, Revised Statutes 1899, under "Writs and Process" are but restatements of the constitutional provision contained in section 38, article 6, of the Constitution, and certainly have no more weight than the constitutional provision itself. More than this, they do not even appear under the head of "Code of Civil Procedure." A summons issued and signed by plaintiff's attorney under a statute authorizing the commencement of an action in that manner is not process, within the meaning of the constitutional provision requiring all process to run in the name of the State, but is due process of law sufficient to give the court jurisdiction. Hanna v. Russel, 12 Minn. 80; Brooks v. Nevada Nickel Syndicate, 24 Nev. 311; Porter v. Vandercock, 11 Wis. 71; Mabbet v. Vick, 53 Wis. 158; Gilmer v. Bird, 15 Fla. 421; Nichols v. Burlington, etc., 4 G. Green (Iowa) 42; Comet v. Frost, 15 Col. 310. (6) The notice of contest provided for by section 7029 is due process of law. Due process of law means the law of the land, and process that notifies, and is sanctioned by long usage, is due process. Weelzen v. San Francisco, 101 Cal. 15; Weiner v. Bunberg, 30 Mich. 201. It means notice adapted to the nature of the case, and an opportunity to defend and protect one's rights in an orderly proceeding under the law. Holden v. Hardy, 169 U. S. 336; Davidson v. New Orleans, 96 U. S. 97; Burns v. Mullnomah, 15 Fed. 177; Railroad v. Belleville, 47 Ill. App. 388; Clark v. Lewis, 35 Ill. 417; Stuart v. Palmer, 74 N. Y. 183; Gilman v. Tucker, 128 N. Y. 190. Due process of law does not necessarily require that a person whose property is to be affected shall have personal notice. The notice may, in a proper case, be constructive. Mason v. Messenger, 17 Iowa 270; Gilchrist v. Schmidling, 12 Kan. 263; Trust Co. v. U. S. Fire, 18 N. Y. 200; Roch-

well v. Nearing, 35 N. Y. 302; Happy v. Mosher, 48 N. Y. 313; Williamson v. Lane, 32 Tex. App. 346; Wright v. Fawcett, 42 Tex. 203; Rogers v. Johns, 42 Tex. 339; 7 Enc. Pl. and Pr., 379.   In actions *in rem* constructive service is due process of law.   In such cases, the Legislature may dispense with common-law methods of service entirely, and provide substituted service by means of notice or publication.   Wilson v. Railroad, 108 Mo. 588; Beyer v. Trust Co., 63 Mo. App. 521; Ellison v. Martin, 53 Mo. 575; Adams v. Cowles, 95 Mo. 501; Mitchner v. Holmes, 117 Mo. 185.   (7)   The Legislature may provide in any manner it may see fit for the contest of the right to a public office.   State ex rel. v. Davis, 44 Mo. 131; Taylor v. Beckham, 178 U. S. 549; Wilson v. North Carolina, 169 U. S. 586.   (8)   The form of the orders on the board of election commissioners whereby they were required to open, count and compare with the list of voters and examine the ballots which were cast at the election in contest and to certify the results, are in strict compliance with the views of the Supreme Court as set out in the following cases: State ex rel. v. Spencer, 164 Mo. 23; State ex rel. v. Spencer, 166 Mo. 279.

GANTT, J.—This is an original proceeding in this court to obtain a writ of prohibition in behalf of the plaintiff Rolla Wells, prohibiting the Honorable Warwick Hough, as judge of the circuit court of the city of St. Louis, and the said circuit court, from entertaining further jurisdiction, and from making other or further orders in the election contest brought by defendant Talty against the plaintiff Wells for the office of mayor for the city of St. Louis, and to prohibit the defendant election commissioners from opening the ballot-boxes under the order of said court made in said election contest, and to prohibit the defendant Talty from further prosecuting his said contest.

In substance the petition alleges that the plaintiff was elected mayor of the city of St. Louis at the municipal election held in said city on Tuesday, the 4th of April, 1905; that he was the nominee and candidate of the Democratic party, and that defendant Talty was the nominee and candidate of the Republican party, for the said office of mayor; that plaintiff is a citizen of the United States and of the State of Missouri, and is a duly qualified and registered voter in the city of St. Louis in said State and possessed of all of the qualifications prescribed and required by law and the charter of said city, and to entitle him to be elected to the office of mayor of said city, and that the defendant, the Honorable Warwick Hough, is and was at all times mentioned herein, judge of the circuit court of said city of St. Louis, and the defendants, Andrew C. Maroney, Thomas K. Skinker and Benjamin Schnurmacher are election commissioners and comprise the board of election commissioners for said city; that the defendants Andrew C. Maroney, Thomas K. Skinker and Benjamin Schnurmacher as said election commissioners of said city, canvassed the returns made to them by the judges and clerks of the various voting precincts and wards of said city at said election and on the 11th day of April, 1905, that being the date on which said canvass was finished; that said board of election commissioners found and announced that, upon the returns made to a canvass by them, plaintiff had received more votes for the office of mayor of the said city than were cast for the defendant John A. Talty, and found that plaintiff had been elected to, and was entitled to hold said office for a term of four years, and in accordance with said finding caused to be issued to plaintiff a certificate of his said election, and issued to him a commission of office for a term of four years; that plaintiff thereupon took and subscribed the oath of office required by law as mayor for said city, and on the————day of April, 1905, entered into the possession of and

has ever since and is now discharging and performing
the duties of said office.

Plaintiff states that the said defendant Talty has
attempted, by and through the procedure hereinafter
mentioned, to contest plaintiff's said election, and caused
to be delivered to plaintiff, by a deputy sheriff of the
said city of St. Louis, on the 27th day of April, 1905, an
alleged notice of contest. This notice is set out *in haec
verba* in the body of the petition. Without repeating
it at length, it is sufficient for the purpose of this opin-
ion to say that the contestant Talty notified the plaintiff
Wells that, inasmuch as they had been opposing candi-
dates for the office of mayor for the city of St. Louis,
at the election held on the 4th day of April, 1905, and
the plaintiff had been duly declared elected by the
board of election commissioners to said office on the
face of the returns made to them by the judges and
clerks of said election at the official count by said board
of election commissioners on the 11th day of April,
1905, and had received a certificate of election, the con-
testant Talty "shall at the first term of the circuit court
of the city of St. Louis, to be held fifteen days after said
official counting of said vote and the service of this no-
tice, to-wit, at the term of the circuit court of said city
to be begun and held at the court house therein on Mon-
day, the 5th day of June, 1905, contest your election
to said office." The notice further alleged "that the
contestant Talty, at the time of said election and at all
times hereinafter mentioned, possessed and still posses-
ses all the qualifications necessary to entitle him to hold
the office of mayor in and for the city of St. Louis, and
was then, and at all times hereinafter mentioned, had
been and is now eligible to hold the same and shall con-
test plaintiff's election to said office, upon the following
grounds." The notice then, in separate paragraphs,
proceeds to charge that a certain number of ballots
were in various voting precincts in the city count-

193 Sup—40

ed by the said election commissioners respectively
for the contestant or contestee, but alleged that none of
the ballots counted for the contestee Wells were num-
bered in the order in which they were received, nor was
the number recorded by the election officers on the list
of voters opposite the name of the voter who presented
such ballot, nor were the names or initials of any of the
judges of election written on said ballots so counted for
the contestee, and that in none of said precincts was the
name or street or number of residence of any voter
whose ballot was counted for contestee entered upon
either of the poll-books by the clerks of said election
under its proper heading or at all, nor was the num-
ber of any such voter whose ballot was counted for the
contestee placed opposite his name in the poll-book in
the column headed ''number,'' and charging that in
each of said wards a larger number of ballots were cast.
for the contestant Talty for said office.  It is further
alleged in paragraph 7, that in certain precincts of the
Fourth, Sixth, Sixteenth and Twenty-first wards,
Democratic judges and clerks of election were allowed
to officiate, and did officiate, as judges and clerks of
election in said several precincts who did not reside in;
the respective precincts in which they officiated, and
were not qualified to vote in said precincts.  It is
then charged that in certain precincts for the Fourth
ward one hundred legal voters were duly registered ac-
cording to law and entitled to vote in several precincts
at said election, appeared at their respective voting
places and offered and undertook to cast their votes in
favor of contestant for the office aforesaid, all of which
said votes, the judges of election, acting at said several
voting places refused to receive or accept.  And further
that the judges and clerks of election acting at the sev-
eral voting precincts within said city, did not correctly.
count the legal ballots cast at said election for the
office aforesaid, and did not correctly certify and return
to the board of election commissioners a true and prop-

er statement of the actual number of legal votes cast at said election for contestant or contestee, but on the contrary did count in favor of contestee at least five thousand votes above the number of actual legal ballots which were cast for contestee.   It is further charged that in the Fourth ward of the city of St. Louis, there was a total of two thousand fraudulent votes on the list of registered voters which had been entered upon said registration list with a criminal purpose and intent of having the same voted in favor of contestee, and that all of said fraudulent names were at said election actually voted in favor of said contestee.   In the thirty-third paragraph, it is alleged that in the Fourth ward, and in each of the precincts thereof, there was such gross fraud, irregularity, disorder, intimidation of voters and intimidation of Republican election officers, that it was and is impossible to determine and ascertain the true result of the election in said Fourth ward, and, therefore, the entire returns of election from said Fourth ward are so false, fraudulent and illegal that they should be disregarded altogether and excluded in determining the results of the election of the office aforesaid and the returns reported to the board of election commissioners from said ward should be altogether disregarded and excluded in computing the vote at said election.   In paragraphs 35 to 44 inclusive, a list of names of voters appearing on the registration books is set out as having voted in favor of the contestant Talty, at the election aforesaid, under said names, and it is charged that the said names are fictitious, and were not the names of residents of said precincts, and of persons qualified to vote at said election, but that the same were voted in favor of contestant Talty, and were counted for him although said votes were illegal and void.   The notice then concluded: "You are therefore notified that for the reasons aforesaid, I claim to have been duly and legally elected to the office of mayor of the city of St. Louis, at said election, and shall file this

notice with the clerk of the circuit court of the city of St. Louis, for the purpose of contesting your right to said office. Witness my hand, this 27th day of April, 1905. (Signed) John A. Talty, Contestant.''

The petition in this case then avers that said original notice was filed with the clerk of the circuit court on April 29, 1905. It is then alleged that on the 5th day of June, 1905, being the first day of the June term of said circuit court, the plaintiff herein specially appeared and filed his motion to dismiss the said election contest upon the ground that the said circuit court was without jurisdiction to hear or consider the same. The said motion to dismiss for want of jurisdiction is as follows:

''MOTION TO DISMISS FOR WANT OF JURISDICTION.

''Rolla Wells, being named as contestee, specially appearing by counsel for the purpose of contesting the jurisdiction of the court to consider, hear or determine the alleged notice of contest filed by the clerk of the circuit court of the city of St. Louis on the —— day of April, 1905, and for no other purpose, now moves the court to dismiss said alleged contest notice and proceedings for the following reasons, to-wit:

''1. It affirmatively appears upon the face of the alleged notice of contest now on file in this court that contestant and contestee were opposing candidates at the general city election held in the city of St. Louis on Tuesday, the 4th day of April, 1905, for the office of mayor of the city of St. Louis, and that upon a canvass of the returns of said election by the board of election commissioners of said city, which was completed on the 11th day of April, 1905, it was found and ascertained by said election commissioners that contestee had received at said election a majority of all the votes cast at said election for said office, and more votes than had

been cast for contestant or any other candidate for said office, and that contestee was entitled to a certificate showing his election to said office, and that the same had been accordingly issued.

"That it further appears from said alleged notice of contest that the present term, to-wit, the June term, 1905, of the circuit court of the city of St. Louis is the first term of the said circuit court to be held in the said city of St. Louis fifteen days after said official counting of said votes, to-wit, fifteen days after the said 11th day of April, 1905.

"2. Contestee further states and shows to the court that if contestant desired to contest the election of contestee to said office, he should have instituted and brought such contest to the said June term of said court, but contestee avers that contestant failed to bring and has not brought any contest against contestee to the said June term, or to any other term of this court.

"3. Contestee further states that contestant could only institute a contest against contestee in the circuit court of the city of St. Louis by filing in the office of the clerk of the circuit court in said city of St. Louis, at least fifteen days before the first day of the said June term, a petition or notice of contest to serve as a petition, setting forth and specifying the grounds of his contest and the points upon which he would rely, and suing out thereon a writ of summons against the contestee returnable on the first day of said June term of court, to-wit, on the 5th day of June, 1905, but contestee avers that contestant wholly failed to so file such petition, or notice of contest to serve as a petition, or to sue out of said court a writ of summons or other process against contestee returnable on said date or at any other date.

"4. The court is without jurisdiction because no notice of contest was ever given to or served upon contestee by contestant.

"5. The court has no jurisdiction for the reason that the alleged notice of contest now on file was simply a notice of a present intention on the part of contestant to institute a suit of civil action against contestee returnable to the June term, 1905, of the circuit court of the city of St. Louis, which contestant did not do.

"6. The court has no jurisdiction for the reason that no notice was ever served upon contestee by contestant or anyone for him that contestant had prior to or that he would on the date of said notice file the same or a copy of it in the office of the clerk of the circuit court of the city of St. Louis as a petition and notice of contest.

"7. The court has no jurisdiction for the reason that neither contestant nor anyone for him served contestee with any notice of the time and place when and where said notice would be filed, and contestee has had no notice from contestant that any notice or petition of contest has at any time been filed by contestant against this contestee either in this court or with the clerk thereof.

"8. The court has no jurisdiction for the reason that the alleged notice of contest now on file in this court, it being the only notice of contest relied upon by contestant, does not and did not notify the contestee that said notice had been filed nor of any date when the same would be filed, and because the contestee has had no notice of the filing of said alleged notice either in this court or with the clerk thereof.

"9. The contestee has never in any way appeared in said alleged contest and does not now appear therein except by this special appearance to question the jurisdiction of the court.

"Wherefore, the premises considered, contestee says that contestant has no contest pending in this court against contestee; that this court has no jurisdiction and cannot now acquire jurisdiction in said pre-

tended contest, and the alleged notice of contest should be dismissed.

"JAMES HAGERMAN,
"LEE W. HAGERMAN,
"J. W. JAMISON,
"Attorneys for Contestee."

It is then alleged that at the said June term, 1905, of the said circuit court, the Hon. Warwick Hough, as judge thereof, overruled plaintiff's said motion, and on the 18th day of July, 1905, said court by its order made and entered of record on that date granted the defendant Talty an order and writ directed to the defendant election commissioners ordering them to open and recount the ballots cast at the said election on the 4th day of April, 1905, and compare the same with the voting list for the office of mayor. Said order and writ being in words and figures as follows:

"State of Missouri, City of St. Louis.

"Comes now John A. Talty, contestant, by his attorneys, and presents to the court here his written application for a writ to be directed to the board of election commissioners within and for the city of St. Louis, Missouri, now composed of A. C. Maroney, Benjamin Schnurmacher and T. K. Skinker, to open, count and compare with the list of voters and examine the ballots in the office of the board of election commissioners, which were cast in each of the several precincts of said city in said application mentioned for contestant and contestee, respectively, at the general election held in said city of St. Louis on the 4th day of April, 1905, for the parties hereto as opposing candidates for the office of mayor within and for said city; and it appearing to the court that due notice of said application has been given contestee and said application is sufficient in form and is filed in aid of a pending contest between said parties for said office; the contestee not appearing at the hearing of this application; it is therefore by the

court here ordered and directed that a writ be issued to said election commissioners and their successors in office, to open and compare with the list of voters and examine the ballots in the office of said board of election commissioners and their successors in office, which were cast at the general election held in said city of St. Louis on the said 4th day of April, 1905, for the parties hereto as opposing candidates for the office of mayor aforesaid, and that the same be of the following form and tenor, to-wit:

"State of Missouri, to the Board of Election Commissioners within and for the City of St. Louis and State of Missouri, now composed of A. C. Maroney, Benjamin Schnurmacher and T. K. Skinker, and their successors in office, greeting:

"Whereas, there is now pending in this court a contest between John A. Talty, contestant, and Rolla Wells, contestee, involving the validity of the election and the right of said contestee to the office of mayor within and for said city, which office said contestee now holds under and by virtue of the certificate of election thereto by you to him issued upon the returns of the general election had and held in said city on the 4th day of April, 1905; and

"Whereas, said contest involves the returns of said election relating to said office in the voting precincts in the notice of contest set forth, and involves a recount and examination of all the ballots which were cast at the general election held in said city on said 4th day of April, 1905, and a comparison of said ballots with the list of voters.

"Now, therefore, these presents are to command you and each of you members of said board of election commissioners to proceed to open, count, compare with the list of voters and examine the ballots which were cast in the several precincts of said city at the general election had and held in said city on the 4th day of April, 1905, so far as the same relate to the office of

mayor in contest as aforesaid, and that you certify to this court under your hand and seal as required by law, the result of such count, comparison and examination, so far as the same relates to the office in contest in the election contest above mentioned, and that you distinguish between the ballots which were counted and those which were rejected by the judges of election at the election aforesaid, and that you also certify to this court the total number of votes cast in the entire city of St. Louis for the said contestant and contestee respectively for said office of mayor, as shown by the returns from the judges and clerks of election upon which the certificate of election was issued to said contestee; and that you make, return and certify to this court all the facts which either of the parties may desire, which may appear from the ballots cast at said election for the office in contest. That when you come to compare the said ballots with the poll-books or list of voters as herein directed, you will exclude not only the parties to this contest and their attorneys, but all other persons from your office; you will then compare only the numbers, if any, appearing on the ballots, with the numbers, if any, upon the poll-books or voting lists opposite the names of the voters, and you will certify to this court how many, if any, unnumbered ballots were cast at said election for contestant and contestee respectively for said office in contest, and how many ballots, if any, having no corresponding number on the poll-books or voting list were cast for said contestant or contestee respectively for said office in contest, and how many unnumbered ballots, if any there be, and how many ballots, if any there be, that have no corresponding number on the poll-books or voting lists were counted by the judges and clerks of said election for contestant and contestee respectively for the office in contest.

"And it is further ordered that the said board of election commissioners be served with a certified copy of this order and writ."

The petition then proceeds:

"And plaintiff further states that the aforesaid order was made and granted upon the written petition and application of defendant Talty, who caused to be delivered to plaintiff on the 17th day of July, 1905, a copy of said petition and application together with a written notice that defendant would present the same to the court for its consideration and action on the said 18th day of July, 1905.

"But plaintiff avers that he did not appear in court in answer to said notice for the reason that it has been the purpose of plaintiff to contest and plaintiff has contested and does now contest the power and jurisdiction of the court to consider defendant's pretended notice of contest or to make any order for a recount of the ballots or any other order whatsoever in the pretended contest proceedings, because in fact no contest proceeding has been brought or is now pending in said court between plaintiff and defendant.

"Plaintiff further states that defendant, the Honorable Warwick Hough, as judge of the circuit court of the city of St. Louis, in awarding defendant said order and writ for a recount of the ballots was wholly without jurisdiction so to do and exceeded his jurisdiction in the premises and the jurisdiction of the circuit court in the following particulars and for the following reasons, to-wit:

"(a)    The alleged notice of contest is wholly insufficient.

"(b)    Under the Constitution and statutes of Missouri, ballots cast at an election for municipal offices can only be opened and recounted in a contested election case, and no contest has been brought by defendant John A. Talty against plaintiff, nor is any contest now pending in the circuit court of the city of St. Louis or before defendant, the Honorable Warwick Hough as judge thereof, between said parties.

"(c)    Defendant John A. Talty did not within

twenty days after the official canvass of the ballots by the said board of election commissioners serve plaintiff with any notice of contest as required by section 7029, Revised Statutes 1899.

"(d) Defendant John A. Talty did not within twenty days after the official canvass hereinbefore mentioned and fifteen days before the first day of the June term, 1905, of the circuit court of the city of St. Louis, it being the next term of court held fifteen days after said official canvass, nor at any other time, file in the office of the clerk of the circuit court of the city of St. Louis any notice or petition of contest and sue out a writ of summons or other process thereon notifying this plaintiff to appear and answer in said court to a contested election suit.

"(e) Plaintiff has never been served with any judicial writ or other process from the circuit court of the city of St. Louis notifying plaintiff that defendant John A. Talty had contested his election or had brought any suit in the circuit court of the city of St. Louis for that purpose.

"(f) Plaintiff has had no notice from the defendant John A. Talty, nor by or through any process issued out of the circuit court of the city of St. Louis, or from any officer of said court, that the alleged notice of contest hereinbefore set out has ever been filed either with the clerk of the circuit court or in said court.

"(g) Defendant John A. Talty has wholly failed and neglected to serve plaintiff with any notice of the day and date when he (defendant) would file his said alleged notice of contest in court or with the clerk thereof.

"(h) The said circuit court has never acquired jurisdiction over the subject-matter of the alleged contest nor of this plaintiff for the reason that plaintiff has never been served with a summons issued out of court under the hand and seal of the officer thereof and no notice has been served upon plaintiff by the defend-

ant John A. Talty that any contest proceeding had been or would be brought in the circuit court of the city of St. Louis to contest the right and title of plaintiff to his said office.

"Plaintiff further states that defendant, the Honorable Warwick Hough, as judge of the said circuit court of the city of St. Louis, in granting and awarding to the defendant John A. Talty the order and writ hereinbefore mentioned for a recount of the ballots, has exceeded his jurisdiction and the jurisdiction of said court in this, to-wit:

"1. Said court, in excess of its power and without jurisdiction, awarded said writ and order without showing being made by or on behalf of defendant, and without making any finding that said defendant possessed the qualifications required by law for the office of mayor and without any proof being made or evidence offered tending to show that within thirty days after said election said defendant had filed in the office of the board of election commissioners, and a duplicate thereof in the office of the recorder of said city, a statement in writing duly subscribed and sworn to, showing the amount of moneys expended by him in securing the nomination at the hands of his party, and during his canvass and campaign for election to said office, as required by section 7180, Revised Statutes 1899. And without receiving or hearing any evidence tending to prove the truth of any averment contained in the forty-six separate specifications of defendant's so-called notice of contest.

"2 By said writ, the court in excess of its power and without jurisdiction, ordered and directed the defendant election commissioners to compare the ballots cast at said election with the list of voters, whereas, under section 3 of article 8 of the Constitution of Missouri, in a contested election case, ballots can only be compared with the voting lists and examined under such safeguards and regulations as may be prescribed

by law, and the General Assembly of the State of Missouri has provided no safeguards and regulations for that purpose.

"3. The court, in excess of its power and without jurisdiction, directed in said writ defendant election commissioners to certify to it the total number of votes cast by the voters of the city of St. Louis for the plaintiff and defendant respectively as shown by the returns of the judges and clerks of said election upon which the certificate of election was issued to plaintiff.

"4. The court, in excess of power and without jurisdiction, directed in said writ that the defendant election commissioners while conducting the recount of the ballots exclude both plaintiff and defendant and their attorneys and not to permit them to be present while such recount and comparison with the voting list was being conducted by the said board of election commissioners.

"5. The court, in excess of its power and without jurisdiction, directed in said writ defendant election commissioners to compare both the ballots and the numbers on their backs with the voting lists.

"6. The court, in excess of its power and without jurisdiction, directed in said writ that defendant election commissioners compare the numbers appearing on the backs of the ballots with the numbers appearing upon the poll-books or voting lists opposite the names of voters, whereas the General Assembly of the State of Missouri has not by law authorized such comparison nor provided any safeguards or regulations by which the secrecy of a ballot may be protected while such comparison is being made.

"7. Section 7044, Revised Statutes 1899, which pretends to confer on the clerks of county courts, in St. Louis the board of election commissioners, the power and authority in a contested election case to open, count, compare with the list of voters and examine the ballots in his office, and to certify the result of such

count, comparison and examination to the court from which the writ for a recount issues, is in conflict with and violates section 9 of article 8 of the Constitution of Missouri, which provides that the trial and determination of contested elections for all public offices, whether state, judicial, municipal or local, except Governor and Lieutenant-Governor, shall be by the courts of law, and said section is therefore unconstitutional and void, and the order and writ hereinbefore set out directing defendant election commissioners to open, count and compare with the list of voters and examine the ballots cast at the election in question, and to certify the result of such recount, examination and comparison to the court, is for the same reason void, and the court in awarding said writ and order exceeded its power and jurisdiction.

"8. By said writ the court, in excess of its power and without jurisdiction under the Constitution and statutes of the State, has directed that the defendant election commissioners exclude the parties and their attorneys and to then secretly and in the absence of the parties or their attorneys take the action therein directed and report their findings of fact and conclusions of law without any check of any kind upon them, thus converting them into a star-chamber tribunal, thereby depriving plaintiff of the right guaranteed him under the Constitution and statutes to be present at every part of the trial and during the taking of the testimony, and has thereby attempted to make the findings and conclusions of said board of election commissioners conclusive as to the matter committed to them, depriving plaintiff practically of the right of cross-examination and to be present at a vital part of the trial, when under the Constitution and statute of the State, jurisdiction to hear and determine all questions of law and fact arising in the case is vested in the courts of the State.

"9. The court, in excess of its power and without jurisdiction, by said writ and order for a recount of

the ballots has attempted by its judicial order to provide safeguards and regulations to protect the secrecy of the ballot during a recount in a contested election case, whereas under the Constitution, power to provide such regulations and safeguards is vested solely and exclusively in the Legislature of the State, and the Legislature has so far failed to make any provision by law for such safeguards or regulations.

"Plaintiff further states that he has at no time appeared in the circuit court of the city of St. Louis to the alleged contest proceeding of the defendant John A. Talty, his only appearance in said court being the special appearance hereinbefore mentioned, which was limited to the purpose of contesting the jurisdiction of the court.

"Plaintiff further states and avers that by reason of all and singular the premises, no contest suit or proceeding has been brought by defendant John A. Talty against the plaintiff in the circuit court of the city of St. Louis to contest the right and title of plaintiff to the said office of mayor of the said city of St. Louis, and that the defendant, the Honorable Warwick Hough, as judge of said court, has acted without jurisdiction and in excess of the jurisdiction of the circuit court of the city of St. Louis and was without authority to grant the aforesaid order and writ directed to the defendant election commissioners for a recount of the ballots.

"Plaintiff further states that he voted at the election held on the 4th day of April, 1905, for city officers and his ballot is among those now in control, custody and keeping of the defendant election commissioners.

"Plaintiff further states that unless prohibited by this honorable court the defendant election commissioners will proceed to carry out the wrongful order, mandate and writ of said court so made without jurisdiction over the person of the plaintiff and in excess of the power and jurisdiction of the said court or judge over the ballot boxes.

"Plaintiff further states that as a citizen and voter and as the successful candidate at said election for the office of mayor for said city, plaintiff is entitled to have the ballots cast at said election preserved by the defendant election commissioners in their office in said city under lock and key, and that for the reasons hereinbefore stated, defendant election commissioners have no legal right to proceed to open or recount or otherwise disturb said ballots, as they have been wrongfully directed to do under the aforesaid order and writ.

"Wherefore, the premises considered, plaintiff prays this honorable court to grant him a writ of prohibition directed against the defendants herein to prohibit the defendant Honorable Warwick Hough, as judge of the circuit court of the city of St. Louis, from entertaining any further jurisdiction or from making any other or further orders in said alleged contest proceeding, and to prohibit the defendant election commissioners and each of them from proceeding to recount the ballots or open the ballot boxes under said writ or from taking any other action thereunder or in accordance therewith."

I.   As the purpose of this proceeding is to obtain a writ of prohibition, it is apparent that the vital proposition raised by the plaintiff is, has the circuit court of the city of St. Louis jurisdiction to proceed with the election contest commenced by Judge Talty against Mayor Wells for the office of mayor for the city of St. Louis? If we grasp the main contention of the plaintiff correctly, it is, that if section 7029, Revised Statutes of 1899, undertakes to provide a notice which shall be effectual to bring the contestee into court and confer jurisdiction over his person, then it is in conflict with section 38 of article 6 of the Constitution of Missouri of 1875, which provides that "All writs and process shall run and all prosecutions shall be conducted in the name of the 'State of Missouri;' all writs shall be attested by the clerk of the court from which they shall

be issued; and all indictments shall conclude 'against the peace and dignity of the State.' " Stated in another form, plaintiff insists that if the notice provided by section 7029 is to be treated as the petition or statement of a cause of contest, it must first be filed in the office of the clerk of the court, and then a summons running in the name of the State, as directed by the Constitution, reciting the filing of the notice, commanding the defendant or contestee to appear on the day certain named therein, must issue, and that the notice of a contest of election required by section 7029 of the election statutes of Missouri cannot be good as a summons when it simply states an intention to bring a suit at the next term of court, but must state either that the petition or notice of contest has been filed or the day when it will be filed. The predicate of this contention is that sec-7029 of the election statutes makes an election contest "a suit" or "action," and therefore to give the circuit court jurisdiction of such a contest and over the contestee there must be a writ or process running in the name of the State of Missouri, as required by the Constitution, section 38, article 6, and section 4681, Revised Statutes 1899, which provides that "all writs and process issued out of any court of record shall run in the name of the State of Missouri, and shall be attested by the clerk of the court from which the same shall be issued, and sealed with the judicial seal of such court." A careful examination of the various decisions of this court will demonstrate that while this court has on various occasions announced that the notice provided by said section 7029 serves a double purpose of a petition and writ in an ordinary civil case, and is all that is required by the statute to initiate an election contest, the constitutionality of this section as to providing adequate process under section 38 of article 6 of the Constitution, has never before been directly raised in, or decided by this court. That it has been assumed and

193 Sup—41

announced by this court on numerous occasions, that the notice required by the statute was designed to stand in lieu of and perform the functions of a writ and petition in an ordinary suit, cannot be gainsaid.

Thus in the early case of Castello v. St. Louis Circuit Court, 28 Mo. 259, a mandamus was sought to compel the circuit court to reinstate and try upon its merits plaintiff's contest against one Cerre, for the office of sheriff of St. Louis county. And the question arose whether Cerre had been notified by Castello as required by the act concerning elections. To the provisional writ of mandamus, Judge Lackland, in his return, stated that it was his opinion that it was the object of the statute to give the notice a double operation, that is, to bring the party into court and set forth and advise the court of the grounds of contest; that the notice required by the statute seemed designed to stand in lieu of and perform the functions of a writ and petition in an ordinary suit. And this court held that the construction which the circuit court gave the statute was correct. In State ex rel. Clark v. Smith, 104 Mo. l. c. 666, Judge MACFARLANE, speaking for this court, in Banc, said: "The statute (section 4706) provides that contests of elections shall be commenced by giving to the contestee a notice thereof within twenty days after the votes have been officially counted. It provides for the service of this notice in a certain specified manner and requires it to specify the grounds upon which the contestant intends to rely. . . . . This notice is the initiatory step in the contest and operates in the nature of a petition and writ in the ordinary civil action, and is all that is required by the statute to initiate the contest." In State ex rel. Brown v. Klein, 116 Mo. l. c. 268, this court, through SHERWOOD, J., declares that "a contest is pending from the time the notice is served on the contestee," and in Gumm v. Hubbard, 97 Mo. l. c. 318, BLACK, J., for the whole court, said, "The notices, on the one side and the other, constitute the full pleadings

in this case." Is, then, an election contest "a case," or "civil action," within the meaning of our Constitution and statute in which a writ, running in the name of the State of Missouri, is required, to give the court jurisdiction over the person of the defendant, as maintained by the plaintiff in this case? We are of the opinion that it is not.

At common law there was no such proceedings known as a contested election, and, therefore, we can get no aid in our inquiry from that quarter.

It was said in State ex rel. Keshlear v. Slover, 134 Mo. l. c. 15, by this court, in Banc: "A contested election is a purely statutory proceeding in Missouri, both as to the tribunal and the character of the proceeding, and was unknown at common law." In State ex rel. Hancock v. Spencer, 166 Mo. l. c. 285, MARSHALL, J., speaking for this court, in Banc, said: "At the outset it is proper to note that the law regulating the manner of conducting a contested election case is a code unto itself. That code is embraced in article 1 of chapter 102, Revised Statutes 1899. [It includes sections 7029 to 7033.] That article does not make the provisions of the Code of Civil Procedure (chapter 8, R. S. 1899) applicable to contested election cases. . . . Therefore the rights of the parties, the manner of procedure and of pleading, must be determined by the provisions of article 1 of chapter 102."

Recurring, then, to the origin of the proceeding to contest an election in this State, it will be found in section 9 of article 8 of the Constitution of Missouri, 1875, which ordains that: "The trial and determination of contested elections of all public officers, whether State, judicial, municipal or local, except Governor and Lieutenant-Governor, shall be by the courts of law, or by one or more of the judges thereof. The General Assembly shall, by general law, designate the court or judge by whom the several classes of election contests shall be tried, and regulate the manner of trial and all

matters incident thereto; but no such law, assigning jurisdiction or regulating its exercise, shall apply to any contest arising out of any election held before said law shall take effect.'' By section 7029: ''The several circuit courts shall have jurisdiction in cases of contested elections for county and municipal offices, and in all cities now having or hereafter attaining 300,000 inhabitants, the said circuit court shall have jurisdiction in cases of contested elections for justices of the peace, and in cases of contested election for seats as directors in the boards having charge of the public schools and public school property, and the county courts in contests of township offices; but no election of any such school director, of any county, municipal or township officers, shall be contested unless notice of such contest be given to the opposite party within twenty days after the votes shall have been officially counted; the notice shall specify the grounds upon which the contestant intends to rely, and if any objection be made to the qualifications of any voters, the names of such voters and the objections shall be stated therein, and the notice shall be served fifteen days before the term of court at which the election shall be contested, by delivering a copy thereof to the contestee, or by leaving such copy at his usual place of abode, with some member of his family over the age of fifteen years; or, if neither such contestee nor his family can be found in the county, and service cannot therefore be had as aforesaid, it shall be a sufficient service of such notice for the contestant to post up a copy thereof in the office of the clerk of the court wherein the contest is to be heard.''

In our opinion, the constitutional provision found in section 9 of article 8, above set forth, can in no sense be in conflict with section 38 of article 6 of the same Constitution. Section 9 of article 8 is a mandate to the General Assembly to make adequate provision for all judicial procedure governing and regulating election

contests from their inception to their conclusion. It is a special provision entirely out of the course of the common law, and is independent of the procedure in ordinary civil actions otherwise provided for in the Constitution, and statutes passed in conformity thereto. The purpose of section 9 of article 8 was to insure the trial of contested elections of all public offices, with the exception of Governor and Lieutenant-Governor, in the courts of law. Prior thereto, under various municipal charters, contests were heard and determined by the mayor and aldermen, and it was deemed best to remove such contests from the domain of politics, and guarantee a determination according to the laws of the land, but it was expressly confided to the Legislature to designate the courts before whom the several classes of contest should be heard and to confer upon the General Assembly ample authority to regulate the manner of trial, and all matters incident thereto; to assign jurisdiction to the several courts and regulate its exercise by them in this special class of cases. Under this power the Legislature had ample authority to dispense with the formal writs of process known to the common law and devise methods to bring the party before the courts or the judges. And it was entirely competent to provide for the notice prescribed by section 7029, and make it serve a double purpose of bringing the party into court, and setting forth and advising him and the court of the grounds of the contest, and to require that the contest should be heard in a summary manner. We are entirely satisfied that the conclusion reached in State ex rel. v. Spencer, 166 Mo. 279, that the provisions embraced in article 1 of chapter 102, Revised Statutes 1899, constituted a code unto itself for the disposition of contested elections, and such has been the construction put upon these provisions by an unbroken line of decisions in the courts of this State. They amply protect a party by providing that he shall have notice and

a hearing under the Constitution before his rights can be affected.

Our conclusion of this point, then, is that a contested election under our Constitution and laws is not a case or suit within the meaning of our Code of Civil Procedure, but is a special and exceptional proceeding provided for by the Constitution and our statutes, which is not to be governed by our civil procedure, as was said in State ex rel. v. Spencer, 166 Mo. l. c. 285. The able and exhaustive argument of the learned counsel for the plaintiff has not convinced us that the uniform construction given our statute for contesting elections has been wrong, and we think that upon the clearest principles the General Assembly has not transgressed the Constitution, and this long line of adjudications should not now be destroyed.

The contestee under these provisions is afforded notice adapted to the nature of the case and full opportunity to defend and protect his rights in an orderly proceeding in the courts of law. And the Legislature was not restricted, in conferring jurisdiction upon the courts in these election contests, to the rules of procedure applicable to ordinary civil suits. As already said, the proceedings are summary and the parties have no right to trial by jury.

II. Having reached the conclusion that a proceeding to contest an election is not a case or suit which requires the filing of a petition in court and the suing out of a writ of summons running in the name of the State of Missouri, required by section 38, article 6 of the Constitution and section 4681, Revised Statutes 1899, and that a notice in conformity to section 7029 is due process, we come to an examination of the proposition advanced by the plaintiff that section 7029 itself requires that the notice therein provided for must be filed with the clerk of the court and the same then served as a summons and made returnable to the first term of the court, commencing fifteen days after its service, and

that the notice in this case was utterly insufficient, for the reason that it was not first filed with the clerk and then served on the contestee, and did not specify that it had been filed, nor the day on which it would be filed.

The notice, it will be observed, stated that the contestant, Talty, "shall at the first term of the circuit court of the city of St. Louis, to be held fifteen days after said official counting of said votes, and the service of this notice, to-wit, at the term of the circuit court of said city to be begun and held at the courthouse therein, on Monday the 5th day of June, 1905, contest your election to said office." And then after stating the grounds upon which the election will be contested, the notice concluded: "You are, therefore, notified that, for the reasons aforesaid, I claim to have been duly and legally elected to the office of mayor of the city of St. Louis, at said election, and shall file this notice with the clerk of the circuit court of the city of St. Louis, for the purpose of contesting your right to said office. Witness my hand this 27th day of April, 1905. John A. Talty, Contestant."

It appears from the petition in this case, that this original notice was delivered to the plaintiff by a deputy sheriff of said city of St. Louis, on the 27th day of April, 1905, and was filed with the clerk of the circuit court on April 29, 1905, and that the first day of the next term of the circuit court of the city of St. Louis, which was convened fifteen days after the service of said notice, occurred on the 5th day of June, 1905.

It is to be noted in the first place that section 7029 makes no provision for the filing of the notice with the clerk prior to its service on the contestee, nor for that matter, at any time. The statute nowhere makes the filing of the notice with the clerk essential to the jurisdiction of the court. This court in State ex rel. Clark v. Smith, 104 Mo. 661, and in State ex rel. v. Klein, 116 Mo. 259, has ruled that an election contest is pending from the time that notice thereof is served upon the

contestee, and while the statute does not designate the time for the filing of the notice in the office of the clerk inasmuch as a copy of the notice containing all the grounds of the contest is served on the contestee, it would seem that the filing of the original with the clerk at any time before the commencement of the term, to which the contest is returnable, would answer all the requirements of the law. In this case it was filed two days after it was served on the contestee, more than twenty days before the commencement of the trial. We do not think it competent for this court to read into the statute a requirement that the notice should state that the notice had been filed, or the particular day when it would be filed. Taking the notice altogether, it notified the contestee that his election would be contested at the June term, 1905, of the circuit court of St. Louis. Counsel criticise the language of the notice, in that it says the contestee "shall contest" and does not use the language showing notice of an actual contest, but a mere intent to contest. We are not impressed with the soundness of this contention. Necessarily in the nature of things, the language of the notice refers to the hearing of the contest in the circuit court in the future, and the notice was the initiatory step advising the contestee of the term of the court at which the contest would be heard in the future. We think the notice should be fairly construed, and in as far as it named the time and the place, it was sufficient to give the court jurisdiction. As to the sufficiency of the notice in other respects, as was said in State ex rel. v. Klein, supra, "It is enough to say that the writ of prohibition goes only to restrain the assumed exercise of jurisdiction where none exists, and not to its erroneous or irregular exercise. [State ex rel. v. Court of Appeals, 99 Mo. 216; State ex rel. v. Burckhartt, 87 Mo. 533.]"

It is not the office of a writ of prohibition to usurp the functions of an appeal, and we cannot assume that the learned circuit court will permit an insufficient no-

tice of contest to receive his judicial sanction, but if he should do so, the remedy of the relator is ample in other directions.

III.   It is further insisted that the circuit court was without jurisdiction to make the order or writ permitting and directing the opening of the ballot-boxes.

By section 3 of article 8 of the Constitution, it is provided: ''All elections by the people shall be by ballot; every ballot shall be numbered in the order in which it shall be received, and the number recorded by the election officer on the list of voters, opposite the name of the voter who presented the ballot. The election officers shall be sworn or affirmed not to declare how any voter shall have voted, unless required to do so as witnesses in a judicial proceeding: Provided, that in all cases of contested elections the ballots cast may be counted, compared with the list of voters, and examined under such safeguards and regulations as may be prescribed by law.'' And section 9 of the same article provides that ''the trial and determination of contested elections shall be by the courts of law, or by one or more of the judges thereof.'' The General Assembly of this State by section 7029, Revised Statutes 1899, has conferred the jurisdiction in cases of contested elections upon the several circuit courts in this State. The circuit court of St. Louis then had jurisdiction over the subject-matter of this contested election, conferred upon it by the law of the State. It then had and has original jurisdiction to determine in the first instance whether the notice of the contest stated a sufficient cause of action to justify it in making the order to open the ballot boxes and count the ballots under the safeguards and regulations prescribed by the General Assembly, in sections 7045, 7046 and 7047, Revised Statutes 1899. It is true that it was held by this court in State ex rel. Funkhouser v. Spencer, 166 Mo. l. c. 278, that: ''A faithful and strict compliance with the law is a necessary prerequisite to the jurisdiction of the

court. If any court attempts to exercise jurisdiction in a case or in a manner not authorized by law, it is the duty of this court, under its supervisory jurisdiction over all inferior courts, to prohibit it. In this respect and for these reasons contested election cases are not like ordinary cases. The damage to the voter could not be repaired by correcting such errors of the trial court on appeal or by writ of error. That damage can only be prevented by prohibition, when an inferior court is about to act without jurisdiction or in excess of its jurisdiction." And it was properly held in that case that when a contestant on his own showing was not entitled to any order of any kind with respect to the ballots, but on the contrary, shows he was not entitled or legally elected to the office which he seeks to contest, the writ of prohibition should be awarded.

We fully appreciate the contention of the learned counsel for the plaintiff in this proceeding that the notice of the contestant is strikingly indefinite and smacks strongly of a fishing expedition to ascertain facts which should be definitely stated but which the pleader did not know, but were mere guesses and surmises. But as to whether the contestant will be able to avail himself of these facts under the allegations of his notice is, we think, a matter, in the first instance, within the jurisdiction of the circuit court when the cause has progressed that far, and if error shall be committed by it, such error may be corrected by appeal to this court. As was said in State ex rel. v. Klein, 116 Mo. l. c. 268, "We shall not assume in advance that the learned circuit judge will permit an insufficient notice of contest to receive his judicial sanction."

In Nash v. Craig, 134 Mo. 347, the power of circuit courts in contested election cases to permit amendments to the original notice making more specific the grounds of contest, was considered, and it was held that "While the proceedings in such cases are statutory and special, and jurisdiction of the subject-matter can only

be acquired in the manner prescribed, yet the jurisdiction having been obtained by giving proper notice in the time and manner pointed out by the statute, no particular mode of subsequent procedure being provided, the rules applicable to practice in civil cases should govern." It is further said: "No reason can be seen why, after the court has acquired jurisdiction over the subject-matter, that is, the election contest, the parties should not be allowed all the rights that are accorded to parties in any other proceeding. Indeed, the reason for allowing amendments in those cases is more imperative than in most others, because the rights of the public are also involved. It has been uniformly ruled that statutes governing elections should be given a liberal construction, whenever they will admit of it, and the same rule should be applied to the pleadings in order that substantial justice may be done, not only to the contesting parties, but to the public." In support of these rulings the following decisions and authorities were cited: Shields v. McGregor, 91 Mo. 546; McCrary on Elections, secs. 406, 396; Election Cases, 65 Pa. St. 20-31; Heyfron v. Mahony, 24 Pac. 96; Ralston v. Meyer, 12 S. E. 783; Halstead v. Rader, 27 W. Va. 806; Kneass' Case, 2 Pars. Eq. Cas. 553; Paine on Elections, sec. 840.

It was further said in Nash v. Craig: "These grounds are not as specific as the statute requires. By motion contestee could doubtless have required them to be made more specific. The general charge was, however, certainly a basis which would support the amendment. The grounds of contest were not thereby changed. [Minor v. Kidder, 43 Cal. 229; Dobyns v. Weadon, 50 Ind. 298]."

We may then confidently assert that even in election contests, amendments which do not change the grounds of the contest may be allowed. Keeping in mind that this is an application for a writ of prohibition depriving the circuit court of St. Louis of any

further jurisdiction of this contested election proceeding, it is well that we should advert to the well-settled doctrine of this court announced in Dowdy v. Wamble, 110 Mo. l. c. 284,. that, "where enough facts are alleged to disclose that the case falls within a class of proceedings which the court is lawfully authorized to hear and decide, the question of the sufficiency of the showing, made for the purpose of setting the court in motion, is one of law for the determination of the court itself to which the showing is addressed, whatsoever its rank." In State ex rel. Ozark County v. Tate, 109 Mo. 270, it was unanimously held by Division One of this court, that the omission to state a cause of action was not even an irregularity in procedure justifying the setting aside of a judgment on motion after the lapse of the judgment term. If that proposition be correct, for a stronger reason would not such omission furnish ground to treat the action of a court on such a defective pleading as a nullity upon collateral attack? The writ of prohibition, we have often held, may be invoked to check the use of the judicial power when sought to be exerted beyond the lines which the law has marked as the limits for the operation of the power. It may be applied to prevent action by a court in excess of its legitimate authority in a proceeding whose subject-matter falls within the general cognizance of the court, as well as to stay an assumption of power over causes which, by their nature, are not confided by the law to the court's consideration. But it should not be issued merely to correct some judicial error in ruling on a subject committed to the judgment of the court against which the writ is sought. Still less may it be applied to anticipate a ruling upon a question properly within the authority of the court to decide. Its chief function is to keep inferior courts within the orbit of their rightful jurisdiction.

As we have seen, to the circuit courts of this State has been committed by the General Assembly, in obedi-

ence to an expressed mandate of the Constitution, the power to hear and determine election contests. The subject-matter, then, of election contests which we are asked to prohibit in this case, is clearly within the jurisdiction of the circuit court of the city of St. Louis. To that court is confided, in the first instance, the power to determine whether the notice of contest states enough facts to disclose that it falls within the class of proceedings which the circuit court is authorized to hear and decide. It is not sufficient to justify this court in prohibiting that court from taking further jurisdiction that, in the opinion of this court, the notice may appear defective or insufficient if the averments may be amended so as to clearly bring it within the jurisdiction of that court.

In our opinion enough has been stated to bring the case within the jurisdiction of the circuit court, and it is not our province at this time to determine whether the averments, if not amended, will justify the court in admitting testimony which may be offered to sustain those allegations. Neither are we called upon to decide at this time whether sufficient preliminary proof and showing has been made to justify the court in ordering the ballot-boxes to be opened and the ballots to be counted. The order itself does not seem to us to be in excess of the jurisdictional powers of the court. For these reasons in our opinion the writ of prohibition should be denied and the preliminary rule should be and is ordered to be quashed at the cost of the petitioner.

*Brace, C. J., Marshall, Burgess, Fox & Lamm, JJ.,* concur; *Valliant, J.,* not sitting.